CASE 80—PETITION EQUITY—JANUARY 8.

## Bell, &c., v. Henshaw's Ex'rs.

APPEAL FROM UNION CIRCUIT COURT.

1. SETTLEMENT OF FIDUCIARY WITH COUNTY COURT—FAILURE TO APPEAL.—Where the settlement of a fiduciary with the county court is contested in that court, the remedy of the complaining party is by appeal; he can not file a petition in equity to surcharge the settlement. It is only when the parties in interest fail to appear in the county court and contest the validity of the settlement that it is merely *prima facie* correct, and may be surcharged by an action in equity. A case might arise, however, that would entitle the party to a review of the settlement upon facts such as would entitle the defendant in a judgment to a bill of review.

2. PRINCIPAL AND AGENT—SETTLEMENT OF ACCOUNTS FINAL.—Where a son had acted as agent for his father for many years, and upon a settlement of his accounts as agent executed his note to his father for the amount found to be due, that settlement, in the absence of fraud, must be regarded as final, and as canceling every claim of the father against the son existing prior to that date.

3. SEPARATE AGREEMENT AS TO INTEREST ON NOTE.—An express agreement between the father and son that the interest on the note executed by the son was to go as compensation to the son for boarding the father is binding, being an independent agreement to apply the interest in a particular way.

GEIGER & HAYNES, YEAMAN & LOCKETT FOR APPELLANTS.

1. In the absence of any allegation of fraud or mistake it was not competent to show, by parol evidence, that the note was not to bear interest. All debts due at a fixed date bear interest as matter of law in this State, even if they exist only by oral agreement. (Henderson Cotton Manufacturing Co. v. Lowell Machine Shops, 86 Ky., 675.)

2. The decisions authorize such a proceeding as this (18 B. M., 582; Henshaw v. Hooper, 2 Bush, 286), and the petition in this case complies with the rule which requires the pleader to point out specifically what part of the account is disputed. (Wooldridge's Heirs v. Watkins, &c., 3 Bibb, 352.)

3. The fact that a personal representative is not chargeable with interest on the surplus assets in his hands until after two years from the time he qualifies does not relieve him of the duty of accounting for interest collected by him; and the fact that the executor in this case is the debtor does not alter the principle which must control the question. When he became executor this money was in his hand, and doubtless yielding him interest, and as trustee he must account for the interest to the parties for whom he was winding up the estate. (Grigsby v. Wilkinson, 9 Bush, 91; Calvert v. Holland, 9 B. M., 462; Caldwell v. Kinkead, 1 B. M., 231.)

CROMWELL ADAIR FOR APPELLEES.

1. Interest on the note of defendant for eight thousand seven hundred and four dollars and twenty-four cents from time of qualification of the executor up to the settlement should not have been allowed, because, under contract expressed in the note, no interest was to be charged if collected either during life-time of testator or by his executors, the consideration for said contract being the board of testator by defendant and defendant's attention to the testator without pay.

2. The commissioner had no power to make an original settlement, but his duty simply was to take up the objections to county court settlement pointed out by the pleadings, and report on those, and those only. (Quinn v. Stockton, 2 Litt., 346; Wooldridge v. Watkins, 3 Bibb, 350; Terrell v. Rowland, 9 Ky. Law Rep., 262; Smith's Adm'rs v. Nuckols, &c., MS. Op., Nov. 17, 1883; Tanner v. Skinner, 11 Bush, 129.)

3. Plaintiffs having appeared in the county court and contested the settlement, their only remedy was by appeal, and, therefore, the court should have dismissed the bill for want of jurisdiction. (Carroll's Code, p. 379; 7 Am. & Eng. Encyclopedia of Law, 442.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

By virtue of the provisions of the act of May 5,

1880, appeals are allowed from settlements made by fiduciaries in the county court to the circuit court, and while a settlement made is only *prima facie* evidence of its correctness, this is only so when the parties in interest fail to appear and contest the validity of the settlement, or some part of it, made by the fiduciary. In this case it appears that the devisees of Henshaw were in court, and filed exceptions to the report of the fiduciary, or the settlement made by him. The exceptions were subsequently withdrawn by consent, and not to prejudice the rights of the parties. The devisees then filed this petition in equity surcharging the settlement on the ground of fraud, and the various vouchers of credits for the want of the proper proof to sustain them.

It is clear that a devisee or distributee can not, as the law now stands, contest the settlement by the fiduciary in both the county and circuit courts, and when he contests its validity in the county court, his remedy is by an appeal. Cases may arise that would authorize a review of the settlement, such as would entitle the party to a bill of review, but in settlements as they usually take place, where the party is before the court contesting the right of the fiduciary to credits, he is precluded from surcharging the settlement in another tribunal. We shall treat this case, in view of the consent order in the county court withdrawing the exceptions, as if the parties were not before that court, and proceed to consider the grounds relied on for surcharging the settlement made by the executor.

It appears that the testator was a man of wealth,

advanced in life, and had for years confided the management of his whole estate to the appellee, who was his son. The father and son had a settlement of the accounts of his son as agent on the 16th of June, in the year 1880, and there was an indebtedness by the son on this general settlement of eight thousand seven hundred and four dollars and twenty-seven cents, for which the son executed his note to the father on that day. The settlement was made by or in the presence of an attorney, who testifies as to what transpired, and there can be no question but that every thing in the way of an indebtedness was settled on that day by the parties, and for that reason no claim existing prior to that date by the father against the son should have been charged in the present settlement with his son as executor. The execution of the note closed the accounts between them, and must, in the absence of fraud, be regarded as final. Fraud has been charged, but none proven. It is alleged that no such note was given, and that the son was really indebted to his father in the sum of forty thousand dollars. We find nothing upon which to base this charge. It is claimed that no interest was allowed on the note by the county judge. This appears to be true; but, on the other hand, it appears that, by an express agreement between the father and the son, the interest on the note was to go as compensation to his son for boarding his father. We see no reason why this agreement is not binding; it was separate and apart from the obligation, being an independent agreement to apply the interest in a particular way. It also appears that shortly after

the death of the testator the money was distributed as directed by the will, and we see no reason for disturbing the settlement by reason of this exception; and if interest should be charged, it is manifest that the executor has been charged with rents when no such claim is made in the petition, and with the one thousand dollars, amount of the Farley note, when it is apparent that the settlement of June, 1880, between the testator and his son, embraced it·; and on the entire case we are disposed to adjudge that the judgment below was proper, and certainly no error exists as to the appellant. The petition was evidently framed with a view of showing a much larger estate than that reported by the executor, and that he had concealed the evidence of his liability by attempting to show a settlement with his father, and the execution of a note that was a fraud, and, in fact, never existed. The testimony as to its execution and the settlement between the parties is satisfactorily shown. The judgment below is affirmed on the original and. cross-appeal.