500      KENTUCKY REPORTS.      [Vol. 106

Pulaski County v. Watson, Sheriff.  Same v. Hart.

---

CASE 57—ACTION ON SHERIFF'S BOND—APRIL 28.

## Pulaski County v. Watson, Sheriff. Same v. Hart.

APPEAL FROM PULASKI CIRCUIT COURT.

1. SHERIFFS—SETTLEMENTS—CONCLUSIVENESS OF.—A settlement made by a sheriff pursuant to the provisions of sec. 4146 of Kentucky Statutes is conclusive in the absence of any appeal, and in the absence of any plea of fraud.

2. COUNTY LEVY—VALIDITY OF.—A levy made by the county court directing the sheriff "to collect twenty-five cents on each one hundred dollars of the taxable property reported by the assessor for said year, and one dollar on each tithable reported by the assessor for said year" is sufficiently definite as the basis of a levy for the purpose intended.

3. COUNTY COURT—HOW COMPOSED FOR FISCAL PURPOSES.—As section 142 of the Constitution was not carried into effect until the first Monday in January, 1895, the county judge and the magis-

Pulaski County v. Watson, Sheriff.   Same v. Hart.

trates of the county constituting the fiscal court as it was or-
ganized prior to the adoption of the new Constitution were
authorized to fix a county levy for the year 1894.

4. SAME—SPECIAL TERMS.—There is nothing in the statute preclud-
ing the fiscal court from making a county levy at other than the
regular terms thereof.

5. SAME—LEVY PRIOR TO COMPLETE ASSESSMENT.—A county levy laid
at a special term in September is not invalid in that it is laid
prior to the completion of the assessment.

6. COUNTY LEVY—LIABILITY OF SURETY ON GENERAL OFFICIAL BOND.—
The sureties in a sheriff's official bond are liable for the county
levy collected by him and not paid over.   (Howard, Sheriff, v.
Com., 105 Ky., 604.)

CURD & SMITH FOR THE APPELLANT IN THE APPEAL AGAINST HART.

1. Whether the bond sued on is or is not a valid statutory bond, it
is good as a common law obligation.   Com. v. Adams, 3 Bush,
41.

2. The bond is substantially in the language of the official bond of
sheriffs and the defendant, the sheriff, and sureties are liable
for all moneys that came to his hands as sheriff, except the
revenue due the State.   Ky. Stats., 4558.

3. The county court was authorized to make the levy; the court
which made the levy for 1894 was to all intents and purposes
the proper court, no matter under what head it was styled, and
was composed of the officers who had the authority to make the
levy, to-wit: the county judge and justices of the peace; and
although it is styled in the order "county court," it was in fact
the fiscal court.   Con., sec. 144; Ky. Stats., sec. 1833.

4. The fiscal court had authority to make a valid levy at a term
held in September, 1893.   See Acts 1888, vol. 1, p. 51.

5. The sureties in the sheriff's official bond are liable for the county
levy.   Ky. Stats., sec. 1884; Maynard v. Com., 80 Ky., 587;
Schuff v. Pflanz, 18 Ky. Law Rep., 28.

(Same counsel in the appeal of Pulaski County v. Watson,
sheriff, made the following points:)

6. The court should have sustained the demurrer to the second,
third and fourth paragraphs of the defendant's answer because
each and every one of them undertakes to plead as a set-off
matters and amounts that can not be off-set against the fund
sought to be recovered.

7. In sustaining the demurrers to the second paragraph of the
plaintiff's reply, the court erred to the prejudice of the rights
of the appellant in this: the said paragraph sets out the plea of
estoppel to the defense of the appellee set up in his answer

Pulaski County v. Watson, Sheriff.   Same v. Hart.

without denying the execution of any bond to collect the taxes sought to be recovered, that is the said J. H. Watson had filed suit in the Pulaski Circuit Court in which he alleged that he was the sheriff of Pulaski county and as such was by virtue of his office collector of the fund sought to be recovered from him in this action.  7 Am. & Eng. Ency. of Law, 1; and this plea of estoppel was admissible in the reply.  Civil Code, sec. 98.

W. S. TAYLOR, ATTORNEY-GENERAL, ALSO FOR THE APPELLANT.

1. The settlement made pursuant to sec. 4146 of the Ky. Stats., and approved by the court is conclusive as to the amount of liability at the time of its approval.

2. The sureties in the official bond of a sheriff are liable for county revenue.  Howard v. Com., 105 Ky., 604.

3. The court as organized prior to the adoption of the new Constitution was the court to make the levy and it was authorized to make it at the September term, 1892.

4. The defendant had no right to plead a set-off against the claims sued for.

Citations:  Con., secs. 142, 144; Ky. Stats., ch. 52, secs. 1885, 4175, 4147, 4146, 4145; Cooley on Taxation (2d ed.) pp. 175, 704, 108, 709, 776; Waterbury v. Lawler, 51 Conn., 171; Clifton v. Winne, 80 N. C., 149; Mississippi County v. Jackson, 51 Mo., 23; Gilbert, &c., v. County of Daugherty, 53 Ga., 194; Johnson v. Goodridge, 15 Maine, 29; City and County of San Francisco v. Ford, tax collector, 52 Cal., 198; Treasurer v. Hilliard, 8 Rich., 412; Inhabitants Gorham v. Hall, 57 Maine, 62; Smyth v. Titcomb, 31 Maine, 286.

W. A. MORROW FOR THE APPELLEES.

1. Under the statutes, the bond which was executed and is the basis of the action is not a county levy bond and in consequence the men who are on it are not responsible for any default of their principal in regard thereto.  Patton v. Lair, 4 J. J. Mar., 252; Kouns v. Davis, 2 B. M., 280; Brown, &c., v. Grove's Admr., 6 Bush, 2; Schuff v. Pflanz, 18 Ky. Law Rep., 25; Ky. Stats., secs. 4556, 4558, 4133, 1884; Anderson v. Thompson, 10 Bush, 134; Kenton County v. Lowe, &c., 91 Ky., 369.

2. The securities were not bound because no levy was made for the year in issue, or if there was any levy, it was not properly laid. The language of the order was too indefinite and uncertain to constitute a basis of liability.  Ky. Stats., sec. 1839; L. & N. R. R. Co., v. Com., &c., 89 Ky., 541.  The order was made by the Pulaski County Court and not by the fiscal court.

Pulaski County v. Watson, Sheriff.   Same v. Hart.

3. The order could not have been properly made at the September term of the court.

O. H. WADDLE on same side.   (W. A. MORROW of counsel.)

1. The position taken by counsel for the appellant that the bond sued on was good as a common law bond is not sound.   It is only in cases of defective execution of statutory bonds that they can be held good as common law obligations.   The bond sued on was executed in exact accordance with section 4130 of Ky. Stats., and in the exact language of section 4133, which section related only to the execution and renewal of sheriff's bond for the collection of State revenue and was not good for the collection of county revenue.

2. Section 4558 of Ky. Stats., does not make the security of a general official bond liable for the county levy.   Section 4558 is identical with sec. 4, art. 1, ch. 91, Revised Statutes, and under the Revised Statutes it was held that the sureties in a sheriff's official bond were not responsible for the county revenue.   No such liability ever existed in this State except under the act of 1882.   Ridgeway v. Morris, 91 Ky., 581; Ky. Stats., sec. 4130.

3. The levy was not made by the court having authority, but if made by such court, it was not made at a time when it had authority to act.   12 Am. & Eng. Ency. of Law, 296; Same, note 2; Wightman v. Krasner, 20 Ala., 446; Garlich v. Dunn, 42 Ala., 404; State v. Roberts, 8 Nev., 239.

4. The evidence is insufficient to show that the order of the fiscal court was valid.   Ky. Stats., secs. 1842-3.

W. A. MORROW and O. H. WADDLE in a supplemental brief in response to the brief of W. S. TAYLOR.

Citations:   Com. v. McClure, Mss. opin. Feby. 24, 1899; Cooley on Taxation (2d ed.) pp. 324, 709, 712, 715; Ky. Stats., secs. 1882, 4046, 4059, 4130, 4133, 4131, 1884; Com. v. Yarbrough, 84 Ky., 496; Com. v. Magoffin, 15 Ky. Law Rep., 775; Gilbert v. Bartlett, 9 Bush, 49; Greenwell v. Com., 78 Ky., 320; Dawson v. Lee, 83 Ky., 49; Jacob's Admr. v. L. & N. R. R. Co., 10 Bush, 263; Lyons v. Breckinridge County, 19 Ky. Law Rep., 956.

SAME COUNSEL for the appellees in a petition for a rehearing.

Citations:   23 Am. & Eng. Ency. of Law, 468; Black on Inter. of Laws, pp. 350-1; Doores v. Varnon, 15 Ky. Law Rep., 245; Bracken County v. Daum, 80 Ky., 388; Hall v. Smith, 14 Bush, 604; Marion v. Brewer, 13 Ky. Law Rep., 821; Wilson v. Linville, 96 Ky., 50.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This is a suit against John H. Watson and his sureties upon a bond executed in accordance with the provisions of section 4133 of the Kentucky Statutes to recover the amount found to be due the county for county levy as shown by a settlement made with the Commissioners of the Fiscal Court.

The petition alleges that Watson was elected sheriff of Pulaski county in November, 1892, and that on the first Monday in January, 1893, he took the oath of office, and executed a bond for the faithful discharge of his duties as sheriff, under section 4133; that he collected and settled for the county levy for 1893, the settlement having been duly made with the commissioners appointed by the fiscal court, which was approved and put on record; that in January, 1894, he executed a new bond, under the provisions of section 4133 of the Kentucky Statutes, which was also accepted and approved by the court and recorded; and that thereafter the tax books containing the assessment for the State and county revenues for the year 1894 were delivered to him, and that on the 10th day of January, 1895, at a special term of the fiscal court of Pulaski county, he filed a settlement, showing a balance of $9,411.41 due the county, under the provisions of section 4146 of the Kentucky Statutes, which provides that: "Each sheriff shall, when required by the fiscal court, settle his accounts of county or district taxes; and at the regular October term of each year the fiscal court shall appoint some competent person to settle the accounts of the sheriff of the money due the county or district. The report of such settlement shall be filed in the county court clerk's office, and be subject to exceptions by the sheriff or county attorney, who shall represent the Commonwealth and county, and the county court

shall try and determine such exceptions.   An appeal may
be prosecuted by either party from the judgment of the
county court on such settlement, in the same manner as pro-
vided by law for appeals from judgments of the quar-
terly court," etc.—and, finally, that "the settlement, when
approved, shall be recorded in the county clerk's office."

It appears that the provisions of this section were com-
plied with.   No appeal was prosecuted therefrom, and, in
the absence of any plea of fraud, we are of the opinion that
the balance found due upon such settlement is conclusive
against the sheriff as to the amount of such indebtedness
at that time.

The defendants seek to escape liability on several
grounds:   (1) It is insisted that no proper levy of the tax
sued for was made by the fiscal court of Pulaski county.
(2) That the levy was made at a term held in September,
1893, without any previous order of the fiscal court calling
the court together at that time.   (3) That the defendants
are not liable for the county levy for the year 1894 by the
terms of the bond sued on.

The testimony in the record shows that on the
23d day of September, 1893, the fiscal court of
Pulaski county, the county judge and all of the
magistrates being present, entered an order upon the rec-
ords of the court by which it was "ordered that the sheriff
of Pulaski county, for the year 1894, be and is hereby di-
rected to collect 25 cents on each $100 of the taxable prop-
erty reported by the assessor for said year, and $1 on each
tithable reported by the assessor for said year, and pay
same to the County Treasurer in accordance with the law for
the purpose of paying claims against the county;" the or-
der being signed by the county judge and attested by the
county clerk.   This order is headed "Pulaski County Court;"

506          KENTUCKY REPORTS.          [Vol. 106

Pulaski County v. Watson, Sheriff.    Same v. Hart.

and it is insisted because of this designation that it can not be treated as an order of the fiscal court of the county, and that it is too indefinite to be relied on as the basis of the levy for the purpose intended, and that it was made at a time when neither the court of claims nor the fiscal court had any jurisdiction to act, and is for this reason invalid, and conferred no power upon the sheriff to collect the levy authorized by it.

It seems to us that the order is sufficiently explicit. It directs the sheriff to collect 25 cents on each $100 and a per capita tax of $1, and, in our opinion, covers the ground required in such an order.

Section 1833 [Ky. St.] (act October 17, 1892), with regard to fiscal courts, provides that: "Each county shall have a fiscal court which shall consist of the judge of the county court and the justices of the peace for said county, and their successors in office, in which the judge of the county court shall preside if present."

And section 1838 provides that; this court shall be a court of record, and shall hold two regular terms in each year, commencing on the first Tuesday of April and October of each year and continuing until the business of the court is disposed of, but that the county court of any county may by an order of record fix a different date for the commencement of said terms; but provides that one of the terms shall be held in October; that the county judge shall have the power to call a *special* term of said court for the transaction of any business of which the court has jurisdiction whenever the necessity exists for a special session. And section 1839 provides that the fiscal court shall have jurisdiction to levy each year for county purposes a poll tax of not exceeding $1.50 and an *ad valorem* tax on all property subject to taxation within the county.

It seems to us that there can be no question that the county judge and magistrates of the county were authorized to fix a county levy for the year 1894, as the provision of section 142 of the Constitution, which requires that each county shall be laid off into justices' districts of not less than three nor more than eight, and in each of which districts one justice of the peace should be elected as provided by section 99 of the Constitution, did not go into effect until the first Monday in January, 1895; and, so far as the Constitution is concerned, the old Court of Claims was not disturbed until after that time.

There is nothing in the statute which intimates that the fiscal court should not make the county levy at other than the regular terms thereof.

It is very strongly insisted for appellees that, as section 4046 provides that the assessor shall begin his duties on the 15th day of September in each year, and assess all property as of that date, and he is not required to return his tax book and schedule before the first Monday in January thereafter, and that section 4119 requires the Board of Supervisors shall convene at the county seat on the first Monday in January thereafter, there could be no basis for the county levy of taxes for 1894 earlier than the adjournment of the Board of Supervisors after their meeting on the first Monday of January; and as the levy in question was made on the 23d day of September, several months before it was possible for this basis to be reached, that it necessarily follows that the court had no authority to make such a levy.

This argument might just as well be extended and say that the fiscal court had no authority to make the levy for county purposes until after the State Board of Equalization had finished its work, which proba-

bly would not occur before the 1st of the following June. It is impossible in making a levy to do so with entire accuracy. At best, only an approximation of the amount required for county purposes can be determined. It is the universal rule now, so far as we have information, for the fiscal court to make these levies in October preceding the January at which the assessment is to be completed, and we are of the opinion that the levy made by the county judge and justices of the peace of Pulaski county on the 23d day of September, 1893, was valid, and that neither Watson nor his securities have any legal defense to this action on that ground.

The remaining contention of the sureties that they are not liable for the county levy by the terms of the bond has been very carefully considered by this court in the recent case of Howard, Sheriff, v. Com., reported in 105 Ky., 604, [49 S. W., 466], in which, after a careful consideration by the court, it was held that a sheriff's bond executed, under section 4133 of the Kentucky Statutes, for the faithful performance of his duties, secures the collection of the county, as well as the State, revenue. It is, therefore, unnecessary to discuss that question further in this case.

It appears from the testimony that, since the date of the settlement of January 10, 1895, appellee has paid $6,400 to the treasurer of Pulaski county, and that he is also entitled to a credit of $182.60, admitted by the county to be just; and he is also entitled to any other sums which may have been paid since the date of that settlement.

For reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.