## Rice, et al. v. Bradley, et al.

(Decided June 17, 1924.)

### Appeal from Fayette Circuit Court.

1. Courts—County Court has Exclusive Jurisdiction of Proceedings to Assess Omitted Property.—County court is only tribunal under statutes in which proceedings to assess omitted property may be instituted, and, when so instituted, its jurisdiction is exclusive, under Ky. Stats., section 4241.

2. Courts—Action to Vacate Must be in Court Rendering.—Judgment in suit to assess omitted property may be vacated on ground of fraud and its procurement only in the court rendering the judgment, and circuit court is without jurisdiction, under Civil Code of Practice, section 518, subsection 4, in view of St. 4241.

3. Taxation—Duty of Fiscal Court to Appoint Commissioner to Settle with Sheriff and Not with Circuit Court.—It is the duty of fiscal court to appoint annually commissioner to settle with sheriff, and it is duty of county court to require this to be done, under Ky. Stats., section 4146, and circuit court cannot appoint such commissioner.

4. Taxation—Circuit Court can Entertain Action where Sheriff Refuses to Settle with Commissioner.—If a commissioner is appointed to settle with sheriff as to commissions and fees under Ky. Stats., section 4146, and sheriff fails or refuses to settle with commissioner, an action can be maintained in circuit court.

5. Taxation—Demand Must be Made Upon Sheriff in Order to Warrant Direct Action in Circuit Court on Objectionable Items Credited to Sheriff.—Where a settlement has been made by sheriff, and objectionable items credited to him, and no appeal has been taken, a direct action would be in circuit court, as in order to maintain that action a demand must have been made upon sheriff by an order or otherwise to pay such sums to a person authorized to receive them.

6. Taxation—Estate and Not Commonwealth Entitled to Sue for Funds Illegally Obtained.—If a judgment assessing omitted property was void, any funds thereby illegally obtained and retained would be due estate taxed and not Commonwealth or county, and only a representative of estate could recover sums paid.

J. A. EDGE and S. JEWELL RICE for appellants.

HUNT, NORTHCUTT & BUSH, W. H. TOWNSEND, HUMPHREY, CRAWFORD & MIDDLETON, GEO. C. WEBB and J. P. JOHNSTON for appellees.

OPINION OF THE COURT BY JUDGE MCCANDLESS—Affirming.

In June, 1921, the appellants, two citizens and taxpayers of Fayette county, filed suit in equity in the

Fayette circuit court, on behalf of all other taxpayers of
the county; on behalf of Fayette county and on behalf of
the Commonwealth of Kentucky, against T. C. Bradley,
former sheriff of that county, and the National Surety
Company, surety on his bond; the real and personal rep-
resentatives of L. V. Harkness, deceased; the real and
personal representatives of Harry S. Harkness, de-
ceased; and Hogan L. Yancey, former county attorney
of Fayette county. By an amended petition the members
of the fiscal court of Fayette county and Brent Green and
Eli Brown were also made parties defendant.

It is alleged that in April, 1916, a petition was filed
in the Fayette county court on relation of T. C. Bradley,
sheriff of Fayette county, for the assessment of certain
property owned by L. V. Harkness, which had been
omitted from taxation for the years 1911, 1912, 1913, 1914
and 1915, and to collect the legal penalties by reason of
such nonassessments; that by fraud and misrepresenta-
tion a judgment was entered in that proceeding in that
court by which an insignificant assessment was made
against the estate of L. V. Harkness; that the judgment
was satisfied and that thereby the larger part of that
estate in Kentucky was omitted from assessment and es-
caped taxation, and the county, school district and state
were thereby wrongfully and unlawfully deprived of the
revenue due them; that all of the named defendants had
connived at this fraud; that an allowance was made in the
judgment for the payment of penalties and commissions
to Hogan L. Yancey in the sum of $36,000.00 and to T.
C. Bradley in a sum aggregating more than $50,000.00;
that each year during which the suit was pending Bradley
and Yancey were each paid other fees and commissions
as sheriff and county attorney respectively, aggregating
more than the amount he was authorized to receive under
the law.

It is also alleged that after the above judgment was
entered, a proceeding was instituted in the Fayette
county court for the purpose of setting aside the judg-
ment and assessment above set out; that in the latter pro-
ceeding the first judgment and assessment were decreed
to be null and void and were set aside. The pleadings
further set out the amount the plaintiffs conceived to be
the true value of the Harkness estate; the proper assess-
ment thereof and the taxes due thereon, and sought a re-
covery in favor of the county and state for the full
amount of such taxes as were alleged to be due for the

years named, and also sought a recovery for the penalties and commissions received by Bradley and Yancey under the first judgment.

In the amended petition it was charged that the members of the fiscal court knew of the invalidity of the first judgment, but that the court had not prosecuted an appeal therefrom or made any effort to recover the sums sought to be recovered; also that Brown and Green had participated in the wrongdoings and received large sums of money for effecting the settlement.

Bradley, Yancey, and the National Surety Company filed special demurrers to the petition as amended. The demurrers were sustained and the plaintiffs declining to plead further the petition was dismissed as to them. It does not appear that there has been any disposition of the case as to the other defendants and this appeal is prosecuted from a judgment dismissing the petition as to the first named three defendants.

The pleadings are elaborate and rather confusing. A recovery is sought against Bradley and Yancey for the penalties and commissions collected and retained by them; an attempt is made to have a valid assessment in this action as against the Harkness estate and to recover the taxes due thereon. Apparently it also seeks to recover against Bradley and his surety or against all of defendants the amount of taxes of which the state, county and school districts were deprived by reason of the alleged fraudulent county court judgment.

Clearly all of these theories are based on the invalidity of the first judgment in the Fayette county court. While it is charged that this judgment was held void in the subsequent proceeding in that court, plaintiffs did not state that the second judgment has not been appealed from, modified or set aside; nor did they plead any change in the status of the Harkness estate or point out any reason why it could not be assessed at its proper value and the taxes collected thereon in the original proceeding.

Assuming the second judgment as still in force the effect of that judgment was to reinstate the original action in the Fayette county court, which could proceed to the proper assessment of the omitted property of the estate, and the collection of taxes due, subject to the right of appeal by either party as pointed out by section 4241, Ky. Statutes. Indeed, the county court is the only tribunal under the statutes in which such proceedings

may be instituted, and when so instituted, its jurisdiction is exclusive.

On the other hand, if the pleadings are to be construed as a proceeding to vacate the original judgment of the Fayette county court on the ground of fraud in its procurement, without reference to the second judgment in that court, it follows that the Fayette circuit court would have no jurisdiction of the action as such proceeding must be instituted in the court rendering the judgment. Civil Code, section 518, subsection 4.

Whether a recovery is sought against the Harkness estate alone, or against that estate and the sheriff and his surety or against all of the defendants, for the amount alleged to be lost to the state and county and school districts by the alleged fraudulent judgment, the first step to be taken is that of the assessment of the property, and, as we have seen, this must be instituted in the county court. Hence, in either view of the case, the Fayette circuit court is without jurisdiction to hear and determine the matters suggested.

Considering the question of commissions and fees. It was the duty of the fiscal court to appoint annually a commissioner to settle with the sheriff and for him to make such settlement, and it was the duty of the county court to require this to be done (section 4146, Ky. Statutes), but the circuit court could not appoint such commissioner.

If made, such settlement might be appealed to the circuit court or surcharged in that court; or if the sheriff failed or refused to settle with the commissioner, an action might be there maintained against him. Com. v. McClure, 49 S. W. 789; Davis v. Com., 107 S. W. 307. If we assume that a settlement had been made and objectionable items credited to the sheriff and no appeal taken, a direct action would lie in the circuit court, but in order to maintain that action, a demand must have been made upon the sheriff by an order or otherwise to pay such sums to a person authorized to receive them. McClure and Davis cases, *supra,* but none of these jurisdictional facts appear in the pleadings.

Besides, if the judgment of the Fayette county court was void as alleged, or has been held void in a final judgment, any funds thereby illegally obtained and retained by Yancey and Bradley would be due the Harkness estate and not due the state of Kentucky or the county of Fayette, and the rights of the state and county to collect

the full amount of the taxes due thereon from that estate would in no wise be affected by the disposition of that matter; so that under the allegations of the petition only a representative of the Harkness estate could recover those sums.

Plaintiffs are not acting on behalf of that estate, and show no right of recovery otherwise, hence they have no legal capacity to bring this action.

We have not deemed it necessary to consider the matters presented in the answer filed in this court.

Wherefore, perceiving no error the judgment is affirmed.