### Commonwealth, for Use, etc. v. Clark, Sheriff, etc., et al.

(Decided November 12, 1926.)

### Appeal from Rockcastle Circuit Court.

1. Taxation—Legality of Sheriff's Settlements Held Not Affected by Clerk's Failure to Record Them till After Time for Filing Exceptions had Expired.—Legality of settlements of sheriff, properly made and filed with county clerk, held not affected by clerk's failure to record them till after expiration of time for filing exceptions to confirmation of settlement.

2. Taxation.—If sheriff makes and files valid settlement for taxes which is confirmed without exceptions, exclusive remedy of one aggrieved is suit to surcharge settlement.

3. Taxation.—If exceptions are filed to sheriff's settlement for taxes before its confirmation, remedy of exceptor is appeal from order overruling or sustaining them.

4. Taxation—Settlements for Taxes with Sheriff Held Sufficient, in View of Recitals of Order Filing Them, Their Due Confirmation, and Recitals in Copies of Settlements.—Settlements for taxes with sheriff held to comply with requirements of law, where order filing them recited that commissioner to make settlements produced and filed settlements, orders of confirmation were made in due time, and copies of settlements recite by item all of assessed property on which levy was made, total taxes calculated for school purposes, number of polls, aggregate taxes due school board, and credits to sheriff by commission and taxes paid to school board, which balance the account, and settlements are signed by commissioner.

B. J. BETHURUM and G. M. BALLARD for appellant.

C. C. WILLIAMS and S. D. LEWIS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

The county board of education of Rockcastle county, by the Commonwealth for its use and benefit, filed this ordinary action in the circuit court of that county against D. G. Clark, ex-sheriff of the county, and the sureties in his bond, seeking the recovery of a judgment against defendants for the sum of $1,625.53, composed of the interest and penalties on taxes duly levied on the taxable property of the county for school purposes in the year 1922 ($1,087.71) and for the same items for the same taxes for the year 1923 ($537.82), which the petition alleged was due on the school taxes for those respective years which the sheriff did not pay to the board of education until after January 1 following the year in which the collection was or should have been made. The answer was a denial of the averments of the petition, and in a third paragraph it was pleaded that the fiscal court of the county did not, except as hereinafter stated, appoint a commissioner to settle with the defendant as sheriff of the county for the taxes collected by him for various funds, including the school taxes here involved, for the

year 1922, and that it made numerous efforts to make
such appointment, with a refusal to serve each time
by the appointee, until after the first of the year 1924,
when one Nicely, the county court clerk of the county,
accepted the appointment and made the settlement,
and that the same difficulties were experienced in
procuring a commissioner to settle defendant's tax col-
lections for the year 1923, and which was not done until
after January 1, 1925; that such settlements when made
were filed in the county court clerk's office and recorded
therein (but which latter fact was not alleged but
proven), and that each of the settlements were not con-
firmed for more than 30 days after they were so made
and filed, after which they were each confirmed without
exceptions filed thereto. A demurrer filed to that para-
graph was overruled with exceptions and it was contro-
verted of record. The cause was then tried before a jury
and the court, after the evidence was introduced, sus-
tained defendants' motion for a directed verdict in their
favor, which was so returned by the jury, followed by a
judgment dismissing the petition, to reverse which plain-
tiffs prosecute this appeal.

One argument for reversal is that the demurrer to
the third paragraph of the answer should have been sus-
tained upon the grounds that, (a), it was not expressly
alleged that the settlements pleaded and relied on therein
were recorded by the county court clerk after they were
filed in his court, and (b), that if such allegation had been
made then the paragraph presented no defense to the
action, since, as argued, the cause of action to recover
the penalties and interests sued for existed independently
of any settlement by the sheriff, whose duty it was to
pay directly to the county board of education the amounts
sued for, monthly, pursuant to an order made for that
purpose by it before the taxes were collected, and that
it was the duty of the sheriff to make such payments
before the first day of January each year, regardless of
the orders for monthly payments by the county board.
We will consider those arguments in the order named.

Disposing of argument (a), we are not inclined to
agree with counsel for plaintiffs (appellants here), since
it is our conclusion that the legality of the settlements,
if properly made and filed with the proper officer, can not
be affected, so far as the sheriff is concerned, by the fact

that the county court clerk with whom they were filed did not record them before confirmation and until after the expiration of the time for exceptions to be filed thereto. In fact, we seriously doubt if it was his duty to do so, since the recorded settlement should be the one that is finally found by the court to be the correct one, and the court properly overruled the demurrer based upon this ground.

Argument (b) is also without merit. We have uniformly held in a number of cases where the question was properly presented that if the sheriff makes a valid settlement of the collection and disbursement of his taxes with the proper authority and filed it in the proper office and it is subsequently confirmed without exceptions filed, the remedy of those aggrieved by an error therein is a suit to surcharge the settlement. Some of the many cases so holding are: Bell v. Henshaw, 91 Ky. 430; Turley's Admr. v. Barnes, 103 Ky. 127; Pulaski v. Watson, 106 Ky. 500; Little v. Strow, 112 Ky. 527; Fidelity and Deposit Company of Maryland v. Logan County, 119 Ky. 434; Green County v. Howard, 127 Ky. 384; Davis v. Commonwealth, 139 Ky. 334; Commonwealth v. McClure, 20 K. L. R. 1568; Commonwealth v. Pate, 27 K. L. R. 623, and other cases referred to in those opinions. If, however, exceptions were filed to the settlement before its confirmation the remedy of the exceptor would be an appeal from the order overruling or sustaining them, and which practice some or all of the cases *supra* sustain. Here, we repeat, there were no exceptions filed to settlements made by defendant, Clark, as sheriff of Rockcastle county, and under the doctrine of the cited cases the remedy of plaintiff herein was a suit to surcharge them if they failed to report the proper amount due from him to the county board of education, and in which suit such errors, mistakes and omissions could be pointed out and the settlements corrected so as to conform to the facts, and in the same action recovery could be had for the amounts so omitted. The cases *supra,* and others following them not only hold that a suit to surcharge the settlement is a proper remedy, but also that it, under the circumstances indicated, is the exclusive one; but always upon the condition that a valid settlement has been made in the manner provided by law. The settlements here involved could have been made by the defendant, the ex-

sheriff, who retired from office the first of January, 1926, without the appointment of a commissioner for that purpose, as was held by us in the recent case of Shipp v. Bradley, 210 Ky. 51, and had this action been filed before the settlements were actually made by him the fact that the fiscal court of the county had failed to procure the services of a commissioner to settle with him would not excuse his failure to settle with the fiscal court direct, and in which case the action would be maintainable. See cases *supra*, and Commonwealth v. McKay, 168 Ky. 58.

But it is insisted that the settlements relied on were in fact no settlements such as the law requires, but we can not agree with that contention. The order of the fiscal court filing them, recites, "T. J. Nicely, commissioner appointed by the fiscal court of Rockcastle county to make settlements with D. G. Clark, sheriff of said county, for the year (the one for which he was appointed) of the various funds of said county, produced and filed settlement herein," and in due time orders of confirmation were made. The copies of the settlements recite by item all of the assessed property within the county upon which the levy was made and the total amount of the taxes calculated on the levy rate for school purposes. The number of polls are then stated, followed by an aggregate amount of the school taxes due the county school board, and then credits the sheriff with his commission and the amount of taxes paid and owing to the treasurer of the school board, thus balancing the items of debit and credit, and then the settlement is signed by the appointed commissioner. It is our conclusion that as thus formulated they fully conformed to the requirements of the law in the making of such settlements and should be treated as such.

Having arrived at the above conclusions, it is unnecessary to determine plaintiff's rights in a proper proceeding to surcharge the settlements, or its right to yet maintain such an action, since it is sufficient for the purposes of this appeal to hold, as we have done, that this independent ordinary action can not be maintained under the facts as presented by the record.

Wherefore, the judgment is affirmed.