## Steele et al. v. Commonwealth, for Use and Benefit of Laurel County.

(Decided March 5, 1929.)

720

B. J. BETHURUM for appellants.

J. K. LEWIS, WM. LEWIS & SON and C. R. LUKER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This suit involves the settlement of the accounts of W. H. Steele, former sheriff of Laurel county. He served as sheriff of that county from January 1, 1918, to January 1, 1922. He made settlements from time to time, and eventually he made a supplemental settlement for the year 1919, with a commissioner appointed by the fiscal court, and a supplemental settlement with the same commissioner for the year 1920. The settlement made for the year 1919 was approved and accepted by that body and ordered to be filed. On the 1st day of May, 1920, there was an order approving the report of the commissioner, showing that there was due the county from the sheriff on that settlement, to the various funds of the

county, $10,725.11. By an order entered on the 12th day of November, 1920, the sheriff was directed to pay over this sum to the county treasurer and the county school superintendent. The settlement for 1919 was approved by the Laurel county court on November 12, 1920, without exception on the part of the sheriff. The settlement for the year 1920 was reported to the fiscal court and approved by that body, with directions to the sheriff to pay the amounts found to be due to the treasurer and superintendent of schools. The amount due, as shown by the supplemental settlement approved by the fiscal court for that year, was $8,595.91. The supplemental settlement for the year 1920 was filed by the clerk of the Laurel county court in his office, but there was no order of approval by that court until in the year 1925, when an order was entered reciting that the supplemental settlement had been filed in the county clerk's office, but that no order had been entered approving it, and that the order approving the settlement should then be made.

So far as the record discloses the ex-sheriff had no notice to appear in court at the time the order of approval was entered in 1925. In 1922 the county attorney was directed to institute suit against the sheriff and the sureties on his revenue bond, to collect the balance due the county on the two supplemental settlements mentioned. One of the sureties died, and claim was made against his estate for the balance due. The county attorney instituted suit against the ex-sheriff and his sureties on January 24, 1923. The basis of the action is the two supplemental settlements made for the year 1919 and for the year 1920.

It is claimed in the petition that the balance due for the year 1919, as shown by the supplemental settlement, was $7,879.66, and a judgment for that sum was asked with interest from November 12, 1920, the date when the sheriff was ordered to pay over the money in his hands. The amount sought, based on the supplemental settlement for the year 1920, was $7,192.15, with interest from September 29, 1921. The petition, however, sets out a number of credits to which the ex-sheriff was entitled; the amounts having been paid after the supplemental settlements were made. Judgment is sought for the amount due, as shown by the two supplemental settlements, with interest, less the credits mentioned in the petition.

The defendants filed an answer, counterclaim, and set-off, in which it was denied that the ex-sheriff was indebted to the county in any sum for the years 1919 and 1920, or that the supplemental settlements were made and completed. But they admit that the commissioner of the fiscal court made what they designate as a "tentative settlement," but they allege that it was never reported to or approved by the county court. In the second paragraph of the answer the defendants set up a number of credits, which they claimed the ex-sheriff was entitled to. An examination of the credits claimed shows that in the main they were a duplication of the credits admitted in the petition. The answer and counterclaim contains an allegation that the supplemental settlements were not correct and that the credits claimed were omitted through fraud or mistake.

We refer thus in detail to the pleadings for the sole purpose of showing that no settlement made by the sheriff while he was in office is attacked or questioned in any way, except the two supplemental settlements above mentioned. When the pleadings are analyzed and the credits allowed in the petition, or by the master commissioner, are eliminated from those claimed by the ex-sheriff, we find that there is no controversy except as to the propriety of a credit for $1,000; another for $1,500. In addition, the ex-sheriff claims that he was charged with $1,080.90, in penalties which should not have been charged against him, and $109.38, which was an overcharge in some way by reason of taxes which had been collected.

Disposing first of the contention that penalties were improperly charged against him, it is sufficient to say that no penalties were charged in the supplemental settlements which are attacked, and the proof clearly shows that the penalties were charged in other settlements, to which there was no exception and which, so far as this record is concerned, were regularly and correctly made. At least the presumption is that the officers did their duty and that the settlements were properly made, and for that reason the appellants could not claim any credit by reason of penalties improperly charged, as the settlements where the penalties were charged were not called in question. We will say, however, that the proof in the case is conclusive that the penalties were not improperly charged.

As to the claim for $109.38, we find that the master commissioner in his report to the court allowed this claim

as a credit along with two other little claims for $2.01 and $3. Every claim made by the appellees in the case was eliminated by actually giving the ex-sheriff credit by what he claimed, except in the case of the penalties mentioned above, and the two credits, one for $1,000 and the other for $1,500. The proof shows that when it came time for the sheriff to make his settlement he did not have money enough to his credit in the bank to square his account. He gave the treasurer a check for $2,500, advising him at the time that he did not have the money to meet it. The treasurer very kindly gave him credit for $2,500, as that squared his account for the particular time. The check was not paid by the bank when it was presented, and that was in accordance with the expectation of the sheriff and the treasurer at the time it was given. The credit of $2,500 was not eliminated, but later the sheriff gave the treasurer a check for $1,000, and at another time a check for $1,500. The proof shows that these two checks, for which appellants now claim credit, were to make good the $2,500 check which had not been paid. It follows, naturally, that the appellants were not entitled to credit by the $1,000 check and the $1,500 check.

Some question is made by counsel for appellants about the validity of the settlements called in question. The settlement for the year 1919 appears to have been made in compliance with the provisions of sections 1884 and 4146, Kentucky Statutes, as construed in the case of Shipp v. Bradley, 210 Ky. 51, 275 S. W. 1. It was there held that when a settlement is made with the fiscal court and approved by that body it must be filed in the county court and be there approved before it is a final settlement, and that it is not conclusive on the parties until it has been thus made. As to the settlement for the year 1920, it was not approved by the county court until 1925, after this suit had been instituted, and it does not appear that the ex-sheriff had any notice that the matter was to be taken up at that time. Ordinarily the sheriff is not entitled to any notice when a settlement takes its usual course, but where the matter has gone on for some years he should be given notice before an order of approval is entered, so that he may have an opportunity to file exceptions if he so desires. In the case of Commonwealth v. Moren, 78 S. W. 432, 25 Ky. Law Rep. 1635, this court had before it a similar question. In that suit there had been made a settlement under an order of the fiscal court

nearly five years after the term of the sheriff had expired. It was there held that when the settlement is made at the time fixed by law, it is the duty of the sheriff to take notice .of the law and be present, but he is not bound to take. notice of the proceedings of the fiscal court at subsequent terms. Following the same process of reasoning, we are of the opinion that the settlement for the year 1920 was never completed, and for that reason it was not conclusive.

When a settlement with a sheriff is made as described by the statutes, supra, and is approved as therein required, it is conclusive on all parties, and it cannot be attacked by either party except on the ground of fraud or mistake. An action to surcharge such a settlement must be instituted within five years after the settlement was made, but if the fraud or mistake was not discovered until thereafter the suit to surcharge may be instituted under provisions of section 2519, Kentucky Statutes, within five years after discovery, but not exceeding in all ten years after the settlement was confirmed. Green County v. Howard, 127 Ky. 379, 105 S. W. 897, 32 Ky. Law Rep. 243. In the recent case of Commonwealth v. Clark, 216 Ky. 516, 287 S. W. 983, this court said:

> "We have uniformly held in a number of cases where the question was properly presented that if the sheriff makes a valid settlement of the collection and disbursement of his taxes with the proper authority and files it in the proper office and it is subsequently confirmed without exceptions filed, the remedy of those aggrieved by an error therein is a suit to surcharge the settlement."

Where exceptions are filed before the settlement is confirmed, the matter proceeds regularly through the courts; but after confirmation a settlement properly made can be attacked only through a suit to surcharge. It is suggested that no suit may be instituted against a sheriff until there has been a settlement, and if the sheriff refuses to make a settlement the proper remedy is to institute the necessary proceedings to force a settlement, and that after the settlement has been completed and demand has been properly made, a suit may then be instituted against the sheriff. It is true it has been held that a settlement and demand is necessary as a prerequisite to the institution of a suit against a sheriff. In the

case of Rice v. Bradley, 203 Ky. 775, 263 S. W. 336, it was said:

"It was the duty of the fiscal court to appoint annually a commissioner to settle with the sheriff, and for him to make such settlement, and it was the duty of the county court to require this to be done (section 4146, Kentucky Statutes), but the circuit court could not appoint such commissioner. If made, such settlement might be appealed to the circuit court or surcharged in that court; or if the sheriff failed or refused to settle with the commissioner, an action might be there maintained against him. Com. v. McClure, 49 S. W. 789, 20 Ky. Law Rep. 1568; Davis v. Com., 139 Ky. 334, 107 S. W. 307, 32 Ky. Law Rep. 811. If we assume that a settlement had been made and objectionable items credited to the sheriff and no appeal taken, a direct action would lie in the circuit court, but in order to maintain that action a demand must have been made upon the sheriff by an order or otherwise to pay such sums to a person authorized to receive them."

In the case of Fidelity & Deposit Co. of Maryland v. Logan County, 119 Ky. 428, 84 S. W. 341, 27 Ky. Law Rep. 66, this court in considering the right of a county to institute a suit before there had been any settlement, said:

"Appellant contends that the petition is insufficient to uphold any judgment. This argument rests upon the assertion that until the sheriff has settled his accounts with commissioners appointed by the fiscal court, and until such settlement is confirmed, no action will lie against the sheriff; that the county is limited in its remedy to a proceeding under section 4146, Ky. Stats., 1903, which authorizes the fiscal court at its October term to appoint commissioners to settle with the sheriff, and provides that such settlement shall be filed in the county court clerk's office, and then lie over for exceptions to be tried by the county court, with right of appeal to the circuit court to either party. But this section is not exclusive of all other proceedings where the sheriff refuses to settle at all, or absconds and fails to settle."

From these cases and others announcing the same principles we deduce the rules that, under the provisions of sections 1884 and 4146, Kentucky Statutes, it is the duty of the fiscal court annually, at its October term, to appoint a commissioner to settle with the sheriff. When the settlement is so made it is reported to the fiscal court for its consideration and approval, and is thereafter filed in the county court for the approval of that court. If exceptions are filed to the report by either party, they are heard from the court, and either party may appeal to the circuit court and to the Court of Appeals as in other cases. The settlement does not become final until the exceptions have been finally disposed of. In case the settlement is confirmed, as required by law, without exceptions, it is final and conclusive on all parties, and it cannot be attacked, except on the grounds of fraud or mistake, in a suit to surcharge the settlement. Such a suit must be brought within five years after the confirmation of the settlement, unless the fraud or mistake is discovered at a later date. A suit to surcharge on the ground of fraud or mistake may be instituted within five years after the discovery, but not after ten years from the date of the confirmation of the settlement. If no commissioner is appointed to settle with the sheriff, it is his duty, nevertheless, to appear before the fiscal court and there make settlement of his accounts. If the sheriff fails to make settlement a suit may be instituted to compel him to do so, and in the same suit a recovery may be had for any amount shown to be due by the sheriff. A suit to compel the payment of the amount shown to be due by a settlement is not the exclusive remedy where no settlement has been made. An imperfect settlement or one that was made with the fiscal court, without exceptions, and was not thereafter approved by the county court, as required by law, is not conclusive on the parties, and it may be attacked in any suit based upon it.

Measuring the case before us by the principles deducible from the cases written on the same subject we find that the settlement for 1919 was conclusive and could not be attacked on any ground other than fraud or mistake.

The settlement for the year 1920 was not completed as required by law, and it was not conclusive and was subject to attack even without a plea of fraud or mistake. The suit instituted against the appellants was based on the two settlements. The appellants attacked the cor-

rectness on the grounds of fraud or mistake, and this was equivalent to a suit to surcharge the settlement and it was instituted within the period allowed by law. When the appellants opened the question they were entitled to show that the settlements were not correct, but they attack no other settlement made by the sheriff during his term of office. Therefore the pleadings confined the proof to the claim for additional credits made by the ex-sheriff. He does not attack the correctness of the claim by the county, other than to say that he made payments for which he received no credit. The proof thoroughly establishes that the sheriff was indebted to the county in the sums shown by the supplemental settlements, and the opening of these settlements by pleadings destroyed their efficacy only to the extent that the facts found in them were overturned by proof. None of the amounts claimed by the county were overturned, and the proof shows that the sheriff received every credit that he claimed, except the credit for $1,000 and $1,500, and the one based upon the allegation that penalties were charged against him when none should have been charged.

We have pointed out that the question of penalties is not involved in this litigation, as no other settlements were opened and no penalties were charged in the supplemental settlements. We have also pointed out that he was not entitled to the $1,000 credit and the $1,500 credit. This disposes of the entire case, except the master commissioner in his report, which became the basis of the judgment, charged to the ex-sheriff $274.16, which the proof tended to establish was collected by the ex-sheriff from the Cumberland Pipe Line Company and not accounted for. The proof sustains the action of the master commissioner in charging this sum to the sheriff. The supplemental settlements had been opened, and the county had the right to charge him with any additional sum, not covered by the supplemental settlements, that might be disclosed by the evidence. So far as the proof is concerned, counsel for appellants make no contention other than to copy in their brief the deposition of the expert accountant, who went over the books of the ex-sheriff for the full four-year term. We regard the evidence of the expert accountant as of little value, as he did not confine his work to the two supplemental settlements. Everything else had been precluded by previous settlements. These two settlements embraced

little, if anything, other than the railroad tax for the year 1919 and the year 1920. The expert accountant was therefore without authority to testify as to matters shown in other settlements.

The reports made by the master commissioner, upon reference of this matter to him, are to be highly commended. His analysis of the evidence and his conclusions are clearly stated, and his reports have been of material assistance to the court in ascertaining the facts in this case. Perceiving no error in the judgment, it should be affirmed.

Judgment affirmed.

Whole court sitting.