## Bailey, Ex-Sheriff, v. Magoffin County.

(Decided May 12, 1931.)

LEEBERN ALLEN, J. B. ADAMSON and A. H. ADAMS for appellant.

T. J. ARNETT and H. H. RAMEY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Reversing.

At the regular election in 1925 the appellant and defendant below, Wallis Bailey, was elected sheriff of Magoffin county and took the oath of office and qualified as such on the first Monday in January, 1926. He served throughout the years 1926, 1927, 1928, and 1929; and retired from office on the first Monday in January, 1930, when he was succeeded by another who was elected at the regular election in 1929. At the end of each year of the first three years of his term he made settlements with the fiscal court, and they were properly filed and recorded. In them he was allowed only 1 per cent. commission on the county road taxes he had collected for each of those years, and 1 per cent. on county school taxes that he had so collected in the same years. When it came time to make settlement for the last year of his term, at the end of or immediately following the year 1929, he insisted that the settlements he made for the first three years of his term were erroneous, because in each of them he should have been allowed 4 per cent. on the amounts he collected of both the school and road taxes for the county, whereas he had been allowed therefor, as we have stated, only 1 per cent. on such collections. The commissioner appointed by the fiscal court to make settlement with him at the end of the last year of his term, as did also that court, concluded that he was correct in his contentions as to the commissions that he was entitled to for the collection of both the road and school taxes for the first three years of his term, and he was retroactively credited in that settlement with an additional 3 per cent. to correct the supposed error in the former settlements for those three years, and he was therein allowed the same commissions of 4 per cent. for the same character of taxes

collected by him for the year 1929. The 1929 settlement was duly filed with the fiscal court and confirmed and lodged with the county court, no exceptions having been filed thereto.

This equity action was afterwards filed in the Magoffin circuit court by the then fiscal court and its members against appellant and defendant below, as such ex-sheriff, seeking a mandatory injunction against him directing and requiring him to make another settlement for the year 1929 without taking credit therein for any of the alleged errors in his three prior settlements, or for commissions in excess of 1 per cent. for his collections in 1929, and directing and compelling him to pay to the proper county agencies the amounts retained by him in his last settlement in excess of 1 per cent. commission, on the theory that he was not entitled to but 1 per cent. commission for the collection of the county school and road taxes made by him throughout his term, and which was the amount of commissions allowed him, as we have hereinbefore seen, in his first three settlements.

A special demurrer to the petition was overruled, followed by a general one thereto, which was also overruled. The answer denied the right of plaintiffs to maintain the action, especially in so far as it sought recovery of any school taxes collected by defendant, because, as he claimed, only the county board of education could litigate the issues with reference to the collection of that tax. It was also contended therein that, under the law, defendant was entitled to the 4 per cent, commission allowed him in his last settlement each year of his term. It was also contended by him that plaintiffs, and those for whom they sued (conceding plaintiffs right to do so), were estopped to maintain the action because of the confirmation of all of the settlements, leaving as the only remedy, as defendant insisted, an appeal from the orders of confirmation. Lastly, it was urged by defendant that plaintiffs, in any event, had mistaken their remedy, the correct one, if any, being an action to surcharge the 1929 settlement in which the 4 per cent. allowances were made, and not the employed one of mandatorily enforced payment by injunction.

Following pleadings made the issues, and upon final submission the court adjudged: (1) That plaintiffs could maintain the action; (2) that defendant was not entitled to retain but 1 per cent. for the school taxes he collected,

and that the first three settlements he made in which he was allowed that amount of commission were correct, and the commissioner who made the settlement with him for the last year of his term (1929) erred in retroactively allowing him 4 per cent. for his collection of such taxes, and in allowing him the same 4 per cent, for the collection of the same taxes for the year 1929; but that defendant was entitled to 4 per cent. commission for collecting the road taxes for each year of his term, and the commissioner in making the 1929 settlement properly allowed and credited him with that amount for each year of his term, and (3) that injunction was an appropriate remedy to obtain the desired relief.

The defendant in his answer also counter-claimed and sought credit for $354.56, the amount of disbursements made by him and which, by oversight and mistake, had not been credited to him in any of his settlements, and that item was allowed by the court as a credit to defendant on the amount that the court found to be due by him. The court, after making such findings of law, adjudged that "the prayer of the plaintiffs for a mandatory injunction directing the said defendant to pay over what ever money he has in his hands collected by him as a school tax, less 1 per cent. for his commission for collecting the same is sustained and granted," but the issuing of the order of injunction was suspended pending an appeal to this court by defendant which the judgment granted to him, provided the appeal was prosecuted within a fixed period, and from which judgment he prosecutes this appeal.

Taking up the subdivisions of the judgment, supra, in the order named, it is stoutly insisted by defendant's counsel that this action filed in the Magoffin circuit court, whatever the remedy for the relief sought, cannot be maintained by plaintiffs, or at least in so far as it seeks adjustment and settlement of school taxes collected by defendant, because the right of action for that purpose is exclusively in the county board of education; but we do not so construe the law, nor have we done so in the past in the cases relied on to establish that contention. We have held in a number of cases that such an action with respect to such taxes *could* be maintained by the county board of education, but we have never held that it *must be prosecuted* by that board, and which is clearly pointed out in the case of Gay v. Jackson County Board

of Education, 205 Ky. 277, 265 S. W. 772. The sections
of the Civil Code of Practice upon which this contention
is based (Nos. 18 and 21) were construed in that opinion,
and it was determined that, inasmuch as section 18
excluded from its operation cases coming within the
provisions of section 21, and that under the provisions
of the latter section, as therein interpreted, either the
fiscal court of a county, or its county board of education,
could maintain an action of this character, for which
reason the objection in that case to the maintenance of
the action by the county board of education was over-
ruled. But it was plainly and broadly held in that opin-
ion that the action could have been maintained by the
fiscal court whose duty it was to levy and collect the tax
for the use and benefit of the county board of education.
The trial court, in this case, therefore, correctly so deter-
mined, and this objection to the judgment is without
merit.

The holding of the court in subdivision (2), supra,
of its judgment, in so far as it relates to the legal com-
missions to be allowed the sheriff for collecting the school
taxes of his county, and fixing that amount at only 1 per
cent. of such collections, does not appear to be seriously
questioned by defendant's counsel in their brief filed in
this court, although they did contend in the pleadings
prepared by them for defendant that he was entitled to
4 per cent. for collecting the school taxes. Counsel, there-
fore, appear to be correctly convinced that the court's
judgment on this issue was proper, but whether that be
true, or not, we are thoroughly so convinced. The pres-
ent section 4399a-8 of our Statutes was enacted in 1926
(chapter 81, page 279), and it amended chapter 36, page
148, section 8, of the 1920 Acts, which was the same
numbered section in prior editions of the 1930 Statutes.
Both of those enactments expressly provided that "the
commission allowed the sheriff for the collection of said
tax shall not exceed one per cent. (1%) of the total school
tax collected," and we so held in the cases of Ross,
Sheriff, v. County Board of Education, 196 Ky. 366, 244
S. W. 793; Owen County Board of Education v. Kemper,
Sheriff, 197 Ky. 407, 247 S. W. 25, and others following
them. In the earlier case of Morgantown Deposit
Bank v. Johnson, Sheriff, 108 Ky. 507, 56 S. W. 825, 22
Ky. Law Rep. 210, the same question, arising under a
similar statute, was so decided, and it was held that an

allowance to the sheriff for collecting the tax there involved of an amount in excess of 1 per cent. was void as to the excess. We have been cited to no case to the contrary and none such has been rendered by this court, so far as we are able to discover. The court, therefore, properly adjudged this disputed issue against defendant.

It is manifested in the record that the road taxes involved in this action were levied by the fiscal court and collected by the sheriff for the purpose of paying interest on and creating a sinking fund for voted bond indebtedness under the provisions of section 4307 of our present Statutes, and for the collection of which the sheriff is entitled to 4 per cent. commission, and the mistake in allowing him only 1 per cent. commission for the collection of such taxes for the first three years of his term was upon the erroneous theory that the taxes were collected under an election held under the provisions of section 4307b-1, for the collection of which (see section 4307b-4) the sheriff is entitled to a commission of only 1 per cent. of the taxes collected. The commissioner, therefore, in making the 1929 settlement properly found that defendant was entitled to 4 per cent. commission on the road taxes that he had collected, and the court committed no error in adopting that conclusion, and the plaintiffs are not calling in question that part of the judgment, since no cross-appeal has been taken by them.

We are, however, thoroughly convinced that the court erred in granting the injunctive relief against defendant contained in the judgment appealed from, as is referred to in its subdivision (3), supra. The action should have been so framed as to seek a surcharging of the 1929 settlement by correcting the erroneous allowances that it made for the extra 3 per cent. to defendant for collecting the school taxes throughout his term, including that for the year 1929, and in which the erroneous retroactive credit of the extra 3 per cent. was allowed to defendant. It will be remembered that the settlement last referred to, as were also the prior ones, were each of them confirmed without the filing of exceptions thereto. If exceptions had been filed and had been overruled, or sustained, the complaining party no doubt could have appealed to the circuit court; but, whether such appeal under those conditions would or not be the exclusive remedy, we need not nor do not now determine, since we have no such case, because no exceptions were filed,

and, consequently, none were either sustained or over-ruled.

In the cases of Rice v. Bradley, 203 Ky. 775 263 S. W. 336, we held that under similar conditions a suit to sur-charge the alleged erroneous settlement could be main-tained, and that rule of practice was later approved and adopted in the case of Commonwealth, etc., v. Clark, Sheriff, 216 Ky. 516,, 287 S. W. 983, and in that opinion we referred to some of the prior cases from this court sustaining the same practice, which were and are Bell v. Henshaw, 91 Ky. 430, 15 S. W. 3, 12 Ky. Law Rep. 674; Turleys Adm'r v. Barnes, 103 Ky. 127, 44 S. W. 446, 19 Ky. Law Rep. 1808; Pulaski County v. Watson, 106 Ky. 500, 50 S. W. 861, 21 Ky. Law Rep. 61; Little v. Strow, 112 Ky. 527, 66 S. W. 282, 23 Ky. Law Rep. 1829; Fidel-ity & Deposit Co. of Maryland v. Logan County, 119 Ky. 428, 84 S. W. 341, 27 Ky. Law Rep. 66; Green County v. Howard, 127 Ky. 384, 105 S. W. 897, 32 Ky. Law Rep. 243; Davis v. Commonwealth, 139 Ky. 334, 107 S. W. 306, 32 Ky. Law Rep. 811; Commonwealth v. McClure, 49 S. W. 789, 20 Ky. Law Rep. 1568; and Commonwealth v. Pate, 85 S. W. 1096, 27 Ky. Law Rep. 623. See, also, American Security Co. of New York v. Bales, 228 Ky. 543, 15 S. W. (2d) 481, recognizing the same right, and which appears to be the latest case from this court deal-ing with the question.

It is true that, in order to maintain such a surcharg-ing attack on the settlement, it should be made to appear that the errors complained of therein resulted from fraud or mistake, and the ground upon which the 1929 settlement was sought to be surcharged in this case was the fact of a mistake as to the correct amount of the com-pensation to which defendant was entitled for collecting the involved taxes. We, therefore, hold that the court erred in granting the injunctive relief that it did in this case. No judicial ascertainment of the amount due from the sheriff had ever been made, but, if it had been done, then an injunction is not the appropriate remedy for the collection of such a judgment. Perhaps there might be conditions and circumstances that would call for the remedy by injunction, but, clearly we have no such case presented by this record. For the same reason plaintiffs, in the prayer of their petition, misconceived the relief to which they were entitled. But their error in that respect did not authorize a judgment in accordance therewith, if

812

they were not entitled to it. However, since the facts are admitted, and the involved legal questions are plain and indisputable, we have concluded that upon a return of the case plaintiffs should be permitted to amend their pleadings so as to entitle them to a surcharging of defendants 1929 settlement in the same respects as held by the trial court, and, if no other defense is interposed and proven other than what now appears in the record, the court should give judgment against him for the excess 3 per cent. allowed to him by the commissioner in the settlement for the year 1929 on school taxes collected by him throughout his term, and which was confirmed without exceptions thereto.

Wherefore the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.

Whole court sitting.