CASE 42—PETITION EQUITY—SEPTEMBER 13.

# Commonwealth v. Cook, &c.

APPEAL FROM TRIMBLE CIRCUIT COURT.

1. A SHERIFF DID NOT VACATE HIS OFFICE AND BECOME INELIGIBLE THERETO BY FAILING TO EXECUTE HIS OFFICIAL BOND WITHIN ONE MONTH AFTER THE FIRST MONDAY IN JANUARY.—In this case the bond executed February 11, 1867, is held to be binding on the sureties therein.

2. HOMESTEAD EXEMPTION ACT DOES NOT APPLY TO THE STATE.—In this case the homesteads of the sureties of a sheriff are subjected to an execution in favor of the state, which issued on a judgment rendered against the sheriff and his sureties for public dues.

3. THE COMMONWEALTH IS NOT EMBRACED BY AN ACT WHICH IS MADE TO OPERATE BETWEEN INDIVIDUALS, unless there is something in the act which shows an intention to subject the state to the same rule. (Divine v. Harvie, 7 Monroe, 443; United States v. Knight, 14 Peters, 315; State v. Garland, 7 Iredell's N. C. Reports, 50.)

4. As the government of the state is established for the good of the whole, and can only be supported by means of its revenues, courts in the construction of general laws will not ordinarily apply to the state such as upon their face seem to have been intended only to declare or regulate the rights and remedies of individuals, and which if so applied would have the effect of obstructing the speedy collection of the public dues.

5. The act of February 10, 1866, exempting homesteads from execution, is general in its application, was intended to operate in transactions

Commonwealth v. Cook, &c.

between individuals, and nowhere refers directly or indirectly to the state.

6. Nor can said act be made to apply to the state by implication, because it would divest the state of a right, and repeal by implication the statute (section 6, article 8, chapter 83, Revised Statutes) which subjects to the payment of judgments, in the name of the commonwealth, against sheriffs and other public collectors, and their sureties, heirs, etc., "the estate, legal and equitable, of all the defendants to said judgments."

7. *Pleadings will be construed* most strongly against the pleader.

8. *Pleas should aver facts*, not conclusions of law.

9. *The presumption will be indulged* that the county court, in a matter over which it had jurisdiction, conformed substantially to the statute regulating its proceedings.

JOHN RODMAN, Attorney-General, . . . For Appellant.

CITED

Revised Statutes, sec. 6, art. 12, chap. 83, 2 Stanton, 269.
Act of February 10, 1866, Myers's Supplement, 714.
1 Blackstone, 242.                    2 Mason, 314.
6 Mississippi Reports, 763, Josselyn v. Stone.
7 Iredell, 49, State v. Garland.
6 Gill & Johnson, 226, State v. Bank of Maryland.
6 Peters, 672, Lindsay v. Lessees of Miller.
. 18 Johnson, 228, People v. Gilbert.
7 Monroe, 443, Divine v. Harvie.
1 Duvall, 88, Harlan v. Lumsden, &c.
1 Metcalfe, 140, Stokes v. Kirkpatrick.
3 Metcalfe, 237, Lowe v. Commonwealth.
2 Metcalfe, 493, Patterson v. Miller.
4 J. J. Marshall, 250, Patton, &c. v. Lair, &c.
36 Vermont, 329, Town of Lynden v. Miller.
17 California, 500, The People v. Jenkins.
8 Greene, 534, Ford v. Clough.
6 Bush, 1, Brown, &c. v. Grover, administrator, &c.

GEORGE C. DRANE, . . . . . .    . . . For Appellees,

CITED

Bacon's Abridgment, title "Prerogative," pp. 3–5.    *Ib.* 315.
Homestead Exemption Act of February 10, 1866.
Crabb's Reports, 307, United States v. Hewes.
Criminal Code, section 72.
Revised Statutes, section 4, article 6, chapter 83.

Revised Statutes, section 6, article 12, chapter 83.
Revised Statutes, section 1, article 9, chapter 83.
Revised Statutes, section 4, article 1, chapter 20.
Revised Statutes, section 5, article 1, chapter 91.
Constitution of Kentucky, section 36, article 4.
Civil Code, section 535.      Criminal Code, section 72.
14 Peters, 302, United States v. Knight.
1 Duvall, 88, Harlan v. Lumsden, &c.
1 Metcalfe, 138, Stokes v. Kirkpatrick.
2 Metcalfe, 496, Patterson v. Miller.
1 Duvall, 199, Commonwealth v. Roberts.
3 Metcalfe, 237, Lowe v. Commonwealth.
4 Bush, 383, Calloway v. Commonwealth.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

At the February term, 1868, of the Franklin Circuit Court, upon a proceeding by motion, the commonwealth recovered a judgment against James B. Cook, sheriff of Trimble County, and the sureties on the bond executed by him, for the collection of the state revenue due from the tax-payers of that county for the year 1867, for the sum of $4,004.41, with interest, and also a further judgment for twenty per centum damages, as allowed by law in such cases. An execution was sued out on this judgment on the 5th of November, 1868, and placed in the hands of the sheriff of Henry County for collection; and a levy having been made upon the lands of Cook's sureties, they instituted this suit to enjoin further proceedings under the execution, basing their right to the relief sought upon these two grounds:

*First*, that Cook, their principal, failed to execute his official bond as sheriff, and to take the oath of office within a month after the time his election ought to have taken effect, as required by section 12, chapter 71, of the Revised Statutes; and that by reason of such failure he vacated his office, and rendered himself ineligible thereto for two years next thereafter, and hence that the County Court of Trimble County had no power to permit him to qualify as sheriff at the time

he was permitted so to do; and they insist that in consequence of Cook's failure to qualify within the prescribed time, and the want of power upon the part of the county court at the time it attempted to induct him into office, all its orders on the subject, as well as the bonds executed by Cook to the commonwealth, are absolutely void, and as a logical and necessary sequence that the judgment rendered against them upon one of these bonds, without the service of process, is also void.

The *second* ground is that the lands taken under the execution are exempt from levy and sale under. the provisions of an act of the General Assembly, approved February 10, 1866, and generally known as the "Homestead Law."

The attorney-general demurred specially to each paragraph of the petition. His demurrer was sustained as to the first and overruled as to the second paragraph. The appellees failing to amend, judgment was rendered in conformity with the principles indicated by the court in its action upon the demurrers. From this judgment the commonwealth has appealed, and the sureties have prosecuted a cross-appeal.

The petition alleges that Cook's election as sheriff ought to have gone into effect on the first Monday in January, 1867, and that he did not qualify and execute his official bond until the 11th of February, more than one month thereafter. It does not state that he was elected at the regular August election, 1866; nor does it mention the date of his election at all; nor is there any light thrown upon this question by the order of the county court, made an exhibit by the petition. This order merely recites that on the 11th of February, 1867, "James B. Cook produced his certificate of election as sheriff of Trimble County, and moved the court to permit him to enter into bond and qualify as such." No such state of facts is set out by the petition as will necessarily imply that he was elected at such time as rendered it necessary that he should execute his bond, and take the oath of office as early as the

first Monday in January, 1867. The petition does allege that his election ought to have gone into effect on that day; but this is a legal conclusion upon the part of the pleader, and not a statement of the facts upon which such conclusion is based. And in the absence of such statements we have no means of determining as to its correctness. We will not assume that the county court permitted Cook to qualify as sheriff after he had forfeited his right to the office, and rendered himself ineligible thereto. Construing the petition more strongly against the pleader, and indulging the presumption that the county court, in a matter over which it had undoubted jurisdiction, conformed substantially to the statutes regulating such proceedings, we conclude that the court below did not err in sustaining the demurrer to the first paragraph of the petition. This conclusion renders it unnecessary to inquire into the other questions presented by the appellees on this branch of the case, as they are all based upon the idea that Cook had forfeited his right to the office of sheriff at the time he was permitted to qualify.

The question raised by the demurrer to the second paragraph of the petition is one upon which there has been no adjudication by this court, and we confess that we have been unable to find a decision by any English or American court upon a proposition exactly analogous. If the contract or undertaking upon which the judgment was rendered had been executed to any individual or private corporation, there could be no doubt entertained but that a court of equity would interfere to prevent the sale in satisfaction of such judgment of property exempt from levy and sale under the provisions of the "homestead law." But in this case the undertaking is to the commonwealth, and to secure the payment of the public revenues. As the government of the state is established for the good of the whole, and can only be supported by means of its revenues, courts in the construction of

general laws will not ordinarily apply to the state such as upon their face seem to have been intended only for declaring or regulating the rights and remedies of private individuals, and which, if so applied, will have the effect of obstructing or rendering more difficult the speedy collection of the public dues. This rule is founded not only upon the highest public policy, but is warranted by the firmly-established maxim "that general statutes do not bind the sovereign unless expressly mentioned in them." Laws are *prima facie* made for the government of the citizen, and not of the state herself. (State v. Garland, 7 Iredell's N. C. Reports, 50.) In the case of Divine v. Harvie, 7 T. B. Monroe, 443, this court expressly recognized and upheld this doctrine, declaring that "it is a rule that the commonwealth is not embraced by an act which is made to operate between individuals, unless there is something in the act which shows an intention to subject the state to the same rule." This rule, and the reason therefor, is laid down with great clearness by the Supreme Court of the United States, in the case of the United States v. Knight, 14 Peters, 315, in which this language is used:

"In Bacon's Abridgment, title 'Prerogative,' 3–5, it is said that the general rule is that where an act of parliament is made for the public good, the advancement of religion and justice, and to prevent injury and wrong, the king shall be bound by such an act, though not particularly named therein. But where a statute is general, and thereby any prerogative, right, title, or interest is divested or taken from the king, he shall not be bound unless the statute is made by express words to extend to him. . . . . . . . The doctrine that the government should not unless named be bound by an act of limitation is in accordance with that just cited from Bacon, because if bound it would be barred of a right; and in all such cases is not to be construed to be embraced unless named, or what would be equivalent, unless the language is such as to

Vol. VIII.—16

show clearly that such was the intent of the act." The court continuing, says that this principle has been recognized by the courts of New York, Massachusetts, and other states, and all upon the same ground. "Not upon any notion of prerogative; for even in England, where the doctrine is stated under the head of prerogative, this in effect means nothing more than this exception is made from the statute for the public good."

The first section of the homestead act under which the exemptions in this case are claimed provides "that in addition to the personal property now exempt from execution on all debts and liabilities created or incurred after the 1st day of June, 1866, there shall be exempt from sale under execution, attachment, or judgment of any court, except to foreclose a mortgage given by the owner of a homestead, or for purchase-money due therefor, so much land, including the dwelling-house and appurtenances owned by the debtor, as shall not exceed in value one thousand dollars." This section, which is the only one in the act relating to the exemption, is general in its application, and is evidently intended to operate in transactions between individuals, and it nowhere refers directly or indirectly to the state. It is insisted, however, by the learned counsel representing the appellees that the act regulates proceedings under writs of execution, and prescribes that certain property shall not be taken and sold under the same; that no exemption is made in favor of the state; and that if she chooses to resort to this writ, she must take it with all the limitations and restrictions imposed upon it by law when issued upon judgments in favor of individuals. But the act applies as well to property sought to be sold under attachment and judgments of courts as to that taken under execution; and if it applies to the state at all, the exemption is as comprehensive as to an individual, no matter what character of proceeding she may select.

Nor can the act be made to apply to the state by impli-

Commonwealth v. Cook, &c.

cation; not only because such an application would be contrary to public policy, but because it would divest the state of a right, and repeal by implication an express statute subjecting to the payment of "judgments, in the name of the commonwealth, against sheriffs and other public collectors, their sureties, or the heirs, devisees, or personal representatives of any of them, . . . . . . . the estate, legal and equitable, of all the defendants to said judgments" which may be owned by them at any time from the commencement of the suit till satisfied. (Sec. 6, art. 8, chap. 83, Revised Statutes.)

This extraordinary right is peculiar to the state; no other creditor has it. In other personal judgments the lien exists only by virtue of an execution in full force, or of a levy made thereunder; but the lien in favor of the commonwealth attaches to the estate, both legal and equitable, of all the defendants, and binds it from the beginning of the suit till the judgment is satisfied. It binds *all their estate* except such as is exempted from the payment of debts by some provision of the Revised Statutes enacted contemporaneously with the section under consideration. (Harlan v. Lumsden, 1 Duvall, 88.)

Public policy seems to require that this exceptional right shall continue to exist, in order that the public revenues may be speedily and certainly collected. And as we perceive nothing in the "homestead law" necessarily indicating an intention upon the part of the General Assembly to divest the commonwealth of a right so important and so long enjoyed, we do not feel that we are warranted in so construing said law as to make it operate as a repeal of a statute to which it does not allude either directly or incidentally, and with which it can not be said, when properly considered, to conflict. We have been referred to the case of Doe *ex dem* Gladney and another v. Deavors (11 Georgia Reports, 81) as bearing upon this case and militating against the foregoing conclusions.

That case decides that the exemption laws of Georgia exempting certain personal property from sale for debt applies as well to the state as to individuals, and that such property could not be taken and sold even in payment of the taxes due from the citizen to the state. It is not necessary that we should express an opinion as to the correctness of the reasoning by which that court reached this conclusion. Our statutes of exemption will admit of no such construction. The sheriff may distrain all the goods and chattels of the tax-payer, "may retain the amount of taxes, county levies, and other public dues against individuals out of any claims allowed by the commonwealth or the county court to such individuals, notwithstanding any assignment of the same." (Revised Statutes, chap. 83, art. 11, sec. 5.) He may attach choses in action. (Myers's Supplement, 401 and 470.) And if there be no personal estate that can be reached by the sheriff, the real estate of the defaulting tax-payer shall be held responsible, heavy penalties being assessed each year, and the realty itself forfeited to the commonwealth when two years' taxes shall remain unpaid. (Revised Statutes, chapter 83, article 9, section 12.) There being no exemption under our laws in favor of the citizen, it would be strange if the sheriff, after having wrung from the poor, by the sale of the most indispensable articles of their personal estate, the taxes due from them, could appropriate the moneys thus collected, and he and his official sureties defeat the state in the collection of its judgment against them, on account of such defalcation, by availing themselves of the homestead exemption. Such a construction of the statutes bearing upon these questions would be at war with every principle of common justice, and in our opinion would have the effect of defeating the legislative will.

We therefore conclude that the circuit court erred in overruling the demurrer to the second paragraph to the appellees'

petition; and for that reason we affirm its judgment upon the cross-appeal and reverse it upon the appeal.

The cause is remanded, with instructions to dismiss the petition and dissolve the injunction.