JUDGE LINDSAY
delivered the opinion of the court.
Daniel Nall was fined five hundred dollars by the Webster Circuit Court. The judgment was replevied by the appellant, L. S. Nall, and about the time the replevin bond fell due the governor of the commonwealth, without the knowledge or consent of said surety, respited the payment of two hundred and fifty dollars of the fine for the period of six months. Appellant claims that this interference by the executive, who represented the commonwealth, operated so as to release him from liability, and he seeks to enjoin the collection of the bond.
*674 If it be conceded that the respite irrevocably bound the commonwealth for the term of six months (a question we need not decide), it by' no means follows that the surety in the replevin bond is thereby exonerated from paying it. The commonwealth in the collection of penalties inflicted for the violation of her penal laws does not occupy the position of an ordinary creditor. It is a well-established maxim of the common law “that general statutes do not bind'the sovereign unless expressly mentioned in them.” This court has held that the commonwealth is not embraced by acts made to operate between individuals, unless there is something in them showing the intention to subject the state to the rules prescribed. (Divine v. Harvie, 7 T. B. Mon. 443; Commonwealth v. Cook, 8 Bush, 220.)
There is nothing in our penal statutes allowing executions issued to enforce the collection of fines to be replevied indicating an intention to subject the state to the rules of the common law, or to the provisions of the general statutes regulating the rights of sureties.
The governor has the constitutional “ power to remit fines and forfeitures,” and to “ grant reprieves and pardons,” except in cases of impeachment.” ' Appellant became the surety of Daniel Nall with knowledge of the existence of this power, and must be held to have agreed that its exercise should not impair or destroy his obligation to pay the debt.
The power of the governor to extend clemency by respiting the payment of a penalty imposed for the violation of law can not be embarrassed or clogged by the danger of the ultimate loss of the amount of the fine arising from the release of the person who may have replevied it.
The statutory right of the party fined to stay the collection thereof by replevy and the constitutional power of the governor to extend to him executive clemency are by no means inconsistent, and it is not to be assumed that the legislature in *675 allowing fines to be replevied intended that the interposition of the executive should operate to release the surety.
We do not hold that the commonwealth might not be guilty of such laches as would release the surety on a replevin bond like this; but we are clearly of the opinion that where the delay in issuing the execution is the result of the exercise of executive clemency, the time embraced by the respite does not go to make up the period of limitation, and that the respite itself does not modify or destroy the legal obligation of the surety.
It follows therefore that the court properly sustained the demurrer, and the judgment dismissing appellant’s motion is affirmed.