## Blackwell, et al. v. Fidelity & Deposit Company.

(Decided February 23, 1915.)

Appeal from Muhlenberg Circuit Court.

Limitation of Actions—Computation of Period—When Cause of Action Accrues to Enforce Liability Created by Section 4130,

Kentucky Statutes.—Section 4130 Kentucky Statutes provides that the county, State and taxing district shall have a lien on the real estate owned by a sheriff or thereafter acquired by him to secure the funds coming into his hands as such sheriff; the right to enforce this liability accrues when the sheriff's settlement is approved and recorded in the office of the clerk of the county court, and it, like an action to surcharge such settlement, is barred after five years from that date.

T. J. SPARKS and BELCHER & BELCHER for appellants.

JONSON, WICKLIFFE & JONSON and TAYLOR & EAVES for appellee.

Opinion of the Court by Judge Hannah—Reversing.

William D. Blackwell was sheriff of Muhlenberg County during the years 1902 to 1905, inclusive. The Fidelity & Deposit Company, of Maryland, was surety upon his several bonds as such sheriff.

On August 26, 1910, two separate actions in equity were instituted in the Muhlenberg Circuit Court by the Commonwealth suing for the use and benefit of Muhlenberg County, against Blackwell and the surety company, seeking to surcharge the settlements theretofore made with the sheriff and to recover certain sums alleged to have been collected and received by him as such sheriff and not accounted for by him.

In those actions such proceedings were had that at the September term, 1912, of the Muhlenberg Circuit Court judgments were rendered against Blackwell and the surety company, which amounted to some nine hundred dollars, including interest, penalties and costs.

Executions issued upon those judgments being returned "no property found," the surety company paid and discharged same, and caused to be assigned to it the judgments mentioned. It then caused executions to issue thereon in its favor, which, being returned "no property found," the surety company instituted this present action in equity on January 2, 1913, against a number of persons who had purchased real estate which was owned by Blackwell during his term of office as sheriff, the surety company asserting that by reason of its payment of and the assignment to it of the judgments against Blackwell above mentioned, it had a lien upon all the real estate owned by Blackwell while he was sheriff, being subrogated to the rights of the county and State

under the provisions of Section 4130, Kentucky Statutes.

The defendants pleaded the five-year statute of limitations in bar of the action; the court sustained a demurrer to the plea as well as to others interposed by the answer, and not necessary here to be considered; and rendered a judgment in favor of plaintiff surety company for the full amount claimed and adjudged it entitled to a lien upon the various parcels of real estate owned by Blackwell while he was sheriff, and ordered a sale of sufficient said real estate to satisfy the lien. Defendants appeal.

1.    Section 4130, Kentucky Statutes, provides that the Commonwealth, county and taxing district shall have a lien, from the date the sheriff begins to act, upon the real estate then owned or thereafter acquired by him, which lien shall not be discharged until the whole amount of the money collected by him shall have been paid.

Section 2515, Kentucky Statutes, however, provides that an action to enforce a liability created by statute shall be barred after five years from the accrual thereof. And the question is thus presented as to when the right to enforce the lien created by Section 4130 accrues.

Section 4146, Kentucky Statutes, provides that the report of settlements made with the sheriff shall be filed in the office of the clerk of the county court and be subject to exceptions by the sheriff or county attorney, which exceptions shall be tried and determined by the county court; and it further provides that either party may appeal from the judgment of the county court; and that actions may be instituted to surcharge such settlements.

But actions to surcharge such settlements must be brought within five years after the right of action thereon accrues, and the right of action accrues when the settlement is confirmed. Commonwealth v. Pate, 86 S. W., 1096, 27 R., 624; Davis v. Commonwealth, 107 S. W., 306; Green County v. Howard, 127 Ky., 379.

As a lien securing a debt can exist no longer than the debt exists, it goes without saying that an action to enforce the liability created by Section 4130 could not be maintained after an action to surcharge the sheriff's settlement was barred by limitation; and, in view of this fact, we think Section 2515 should be construed so as to make a cause of action upon the liability created by Section 4130 accrue at the latest date consistent with the

rule that causes of action to surcharge the settlements of sheriffs are barred five years after the date of the confirmation thereof; and that, therefore, the cause of action to enforce the liability created by Section 4130 accrues on the date of the confirmation of the sheriff's settlement, so that as to an action to surcharge the sheriff's settlement as well as an action to enforce the liability created by Section 4130, both would be barred at the same time.

2.　In the present case Blackwell's final settlement for the year 1904 was filed on December 5, 1906, by way of supplemental settlement, a previous settlement for that year having been filed on October 12, 1906.

On May 16, 1908, a final settlement of Blackwell's accounts for the year 1905 was filed.

The right of the plaintiff surety company to maintain an action to enforce the lien and liability created by Section 4130 was barred, therefore, before the date of the institution of this proceeding, as to any sums due by Blackwell to the county and State in connection with the accounts for the year 1904, but not barred as to the sums due on accounts for the year 1905.

3.　If the surety company had desired to enforce the lien created by Section 4130, as to payments required to be made by it on Blackwell's behalf for the year 1904, it should have filed a cross-petition against the present defendants, in the former action brought against it and Blackwell to surcharge his settlements. It would then have saved to itself the right of action mentioned, as said former action was instituted within five years from the date of the confirmation of the settlement for that year.

The judgment is, therefore, reversed, with directions to ascertain the amount due from Blackwell on the settlement filed May 16, 1908, and to enter a judgment for plaintiff to that extent only.