## Caldwell County v. Farmer, Sheriff.

(Decided October 22, 1929.)

ALVIN LISANBY for appellant.

S. D. HODGE and ALBERT MORSE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

R. D. Farmer is the sheriff of Caldwell county, and this is a controversy between him and the county as to the commissions he should receive for collecting the taxes levied to pay the interest and provide a sinking fund for the payment of certain bonds issued by the county.

By section 21 of the act approved March 23, 1914 (see Acts 1914, p. 347, c. 80), it is provided that the fiscal court shall have power to issue and sell bonds for the purpose of building, constructing, and reconstructing public roads and bridges, when the petition of 150 legal voters is filed in the county court, and after an election held pursuant to the petition at which a majority of the legal voters of the county voted in favor of the bond issue. The section concludes with these words: "Provided, however, that all the money raised by the sale of bonds shall be used solely and alone for the building, construction, or reconstruction of roads of asphaltum, concrete, brick, stone block, macadam, gravel or other processes of equal merit."

By an act approved March 10, 1916, the fiscal court is authorized to appoint four or more commissioners to act as a road commission in the handling of any funds derived from the sale of bonds voted by the county for road purposes. See Acts 1916, p. 51, c. 12. This act made no other change in the former act. By an act approved April 25, 1917 (see Acts Sp. Sess. 1917, p. 23, c.

2), the fiscal court is authorized to submit to the voters, at a special election to be held for that purpose, the question of voting a tax of any sum, not exceeding 20 cents on each $100, on all taxable property in the county for the improvement or construction of the public roads and bridges of the county, the order of the court calling the election to specify the amount of the tax to be levied each year and the number of years for which the tax might be imposed, not exceeding ten years, and also providing that no amount of money in excess of the amount raised by the levy in any one year should be expended in that year. This act also contains this provision: ''The sheriff shall collect the taxes at the same time and in the same manner and by the same processes that he collects other taxes and shall pay the same over as the fiscal court may direct, and shall be liable on his official bond for the faithful performance of his duties hereunder. For the collection of the tax levied hereunder, the sheriff shall be entitled to a commission of one per cent. of the amount so collected.'' Acts Sp. Sess. 1917, p. 24, c. 2, sec. 4.

The above acts are printed in the Kentucky Statutes in sections 4307, 4307a1 et seq., and 4307b1 et seq.

At the July term, 1919, of the county court of Caldwell county, a petition was presented, signed by 150 legal voters, asking that an election be held on September 27, 1919, to ascertain the will of the voters of the county as to whether or not the fiscal court of the county should issue and sell bonds to the amount of $300,000 for the purpose of building roads and bridges in the county. The election was ordered to be held. The majority voted in favor of the bond issue, and the bonds were duly issued. The fiscal court made the proper levy to pay the interest and provide a sinking fund. Farmer, as sheriff, collected the taxes for the year 1927, and the question then arose whether he was entitled to 1 per cent. commission on the amount of these taxes, $15,214.77, or 4 per cent. commission. The circuit court held that he was entitled to 4 per cent. The county appeals.

Section 4168, Kentucky Statutes, makes this provision as to the commission of the sheriff for collecting the county revenue: ''He shall be allowed by the treasurer of the county ten per centum (10%) upon the first five thousand dollars ($5,000.00) of the county revenue collected and four per centum (4%) upon the residue.''

It has been often held by this court that the taxes collected by a county constitute one fund, and that, in estimating the sheriff's commissions for collecting them, he should be allowed commissions on them as a single fund. Hall v. Ballard County, 140 Ky. 85, 130 S. W. 975. The sheriff, therefore, is entitled, under the statute, to 4 per cent. commission upon the residue after deducting $5,000, and this $5,000 was first deducted from the total revenue in the settlement in controversy. The act of 1917 by its terms only applies "to the taxes levied hereunder;" that is, to the taxes not exceeding 20 cents a year on each $100 of taxable property voted under that act for 10 years for road purposes. The taxes here in controversy were not voted under that act. They were levied to pay the bonds issued under the act of 1914, and the proceeds of these bonds can only be used for the purposes specified in that act. The act of 1917 made no change in the existing law as to the taxes levied under other acts. The circuit court, therefore, properly held that the act of 1917 only applied to the taxes levied under that act, and not to the taxes levied under the act of 1914.

Judgment affirmed.