## Perry County et al. v. Holliday et al.

(Decided November 19. 1929.)

JOHN E. CAMPBELL and G. C. WILSON, County Attorney, for appellants.

W. A. STANFILL for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

In this action by Perry county and the commonwealth of Kentucky for the use and benefit of Perry county against Tolbert Holliday, former sheriff of Perry county, and his sureties, to surcharge certain settlements alleged to have been made by him for the years 1922, 1923, 1924, and 1925, and in the main to recover commissions improperly allowed, a demurrer was sustained to the petition as amended, and the petition was dismissed. Plaintiffs appeal.

There is no merit in the contention that only the county attorney can bring an action like this, or that the action must be brought in the name of the fiscal court.

The amended petition discloses that the institution of the action was authorized by an order of the fiscal court, and was brought by an attorney especially employed for the purpose. While such an action may be brought in the name of the fiscal court, that method is not exclusive. The real party in interest is the county, and there can be no doubt that the action may be brought in its name and in the name of the commonwealth for its use and benefit.

The principal claim for each of the years in question is for excess commissions allowed on road taxes collected; it being claimed that on such collections the sheriff was entitled only to a commission of 1 per cent. The only statute limiting the sheriff's commission to 1 per cent. is section 4307b4, Ky. Stats., which, by its terms, applies only "to the taxes levied hereunder," that is, to taxes not exceeding 20 cents a year on each $100 of taxable property voted under the Act of April 25, 1917, now designated as Ky. Stats. secs., 4307b1 to 4307b4, inclusive. Therefore, with the exception of such specially voted road taxes, the sheriff is entitled to 4 per cent. on all other taxes, including the general levy for road purposes. Caldwell County v. R. D. Farmer, Sheriff of Caldwell County, 231 Ky. 200, 21 S. W. (2d) ——. Hence, to state a cause of action for excess commissions on road taxes, the petition must state facts showing the excess commissions were charged and allowed on the collection of road taxes that were voted at a special election regularly called and held for that purpose pursuant to sections 4307b1 to 4307b3, inclusive. Such facts not being properly pleaded for any of the years in question, it follows that the petition as amended, in so far as it sought a recovery of excess commissions was demurrable.

The petition also seeks a recovery for certain small items claimed to be the difference between 4 per cent. and 1 per cent. on land sales. In cases where the sheriff is entitled to any commission on land sales, the rate is 4 per cent., unless the sale be for a special road tax voted at an election held for that purpose. The amended petition does not plead facts showing that the commissions allowed for land sales fall within the exception, and, that being true, no cause of action was stated with respect to such items.

The only claim with respect to which a cause of action is stated is the item of $6,060.18 alleged to be due

for the year 1925. Concerning this item, the allegations in substance are these: The sheriff collected for the year 1925 the sum of $72,247.14. The commissioner appointed to make the settlement allowed the sheriff a credit of $3,187.38, when in truth and in fact the sheriff was entitled to the sum of $3,189.88. The commissioner was induced by fraud and misrepresentation on the part of Holliday, by the production of signed receipts for said amount showing that said amount had been paid to the treasurer of Perry county for its general fund, to give him credit for $68,997.08 as having been paid, when in truth and in fact only $62,997.08 had been paid, leaving a balance due and owing of $6,060.18. Manifestly, if he was given credit for a larger sum than that actually paid, he is still indebted to the county for the difference.

It is further alleged concerning the settlement of 1925 that it was filed before the fiscal court, and ordered to lie over for exceptions, that no exceptions were filed, that it was accepted by Holliday and erroneously approved by the fiscal court, who, believing the settlement to be correct, issued to Holliday his quietus for said year. It was further alleged that the settlement was not filed in the county court, and was never approved or accepted by the county court. If the latter allegation be true, the settlement was imperfect, and not conclusive, and may be attacked in such an action as this. American Surety Co. of New York v. Bales, 228 Ky. 543, 15 S. W. (2d) 481. We therefore conclude that, with respect only to the item of $6,060.18 set up in the last paragraph of the amended petition, the demurrer should have been overruled.

Wherefore the judgment is affirmed in part, reversed in part, and cause remanded for proceedings consistent with this opinion.