## Owens v. Maryland Casualty Co.

June 11, 1940.

Flem D. Sampson, Judge.

Hiram H. Owens for appellant.

Golden & Lay for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellee, Maryland Casualty Company, as surety on the bond of S. L. Lewis, sheriff of Knox County, was required to pay $30,000 to Knox County and the Knox County Board of Education because of Lewis' defalcations. The Surety Company under its subrogation from the taxing units proceeded to subject certain lands belonging to Lewis to the satisfaction of its claim against him under Section 4130 of the Statutes. The dispute between the Surety Company and Mrs. Lewis over her dower rights was disposed of in the case of Maryland Casualty Company v. Lewis, 276 Ky. 263, 124 S. W. (2d) 48. The proceeds from the sale of the lands subjected to the Surety Company's claim were not sufficient to satisfy it.

Upon the return of the case to the Knox Circuit Court a judgment was entered, one provision of which provided that, in the event the real estate did not sell for an amount sufficient to pay the Surety Company's claim, together with costs and taxes, the administrator of the estate of S. L. Lewis should turn over to the Company all monies in his hands except sufficient funds to finally liquidate and settle the estate by first applying the funds coming into his hands to the claim of the Company.

Exceptions to the part of the judgment just referred to were filed by the appellant herein, Hiram H. Owens, and by the administrator. The appellant set forth that he had been adjudged an attorney's fee of $2,000 against the estate of Lewis for representing the estate and defending the action of the taxing units in seeking to collect the alleged defalcations. The administrator set forth that there were claims against the estate for taxes, medical bills, funeral expenses, notes and open accounts, aggregating $5,500 and that the assets in his hands were worth less than the debts, and further that the Surety Company had not filed any claim with him.

This controversy involves the interpretation of Section 4176 of the Statutes. This section is as follows:

"Judgments in the name of the Commonwealth or county against sheriffs and other public collectors, their sureties, or their heirs devisees, or personal representatives, or any of them, shall bind the estate, legal or equitable, of all of the defendants to said judgments from the commencement of the action or motion till satisfied. No execution thereon shall be stayed by replevin or sale on credit; but in all such cases the estate be taken in execution shall be sold for money: Provided, The auditor is allowed, with the consent of the attorney-general, to endorse the right to replevy on the execution where the tax is payable to the auditor; and like privilege is given to the sheriff, with the consent of the county attorney, when the taxes are payable to the sheriff."

The appellant insists that this section should not be interpreted as meaning that, in addition to the remedies provided in Section 4130 of the Statutes, the Surety Company also has, under the circumstances, a lien on the personal estate of Lewis or any right superior to that of other creditors. While there is merit in this contention, it is our view that the lien provided in Section 4176 is in addition to that provided in Section 4130. In the latter instance the lien attaches at the time the sheriff begins to act as tax collector, in so far as property owned by him at that time is concerned, and at the time of acquisition on property subsequently acquired by him while he is serving as collector. In the former case the lien to satisfy the judgment is effective against the legal or equitable estate of the sheriff from the commencement of the action.

The defaulting of a tax collector is to be abhorred, and the legislature has provided drastic remedies in attempting to require him to account for the tax funds coming into his hands. One dealing with a tax collector is charged with notice of the statutes designed to require him to properly account for such funds. When judgment goes against the collector the lien attaches against his whole estate from the time of the commencement of the action and binds it from that date until it is satisfied. See Harlan v. Lumsden, 1 Duv. 86; Common-

wealth v. Cook, 8 Bush 220, 71 Ky. 220, 8 Am. Rep. 456; Mason v. Cook, 187 Ky. 260, 218 S. W. 740.

We are constrained to hold, therefore, that the judgment should be and it is affirmed.