## Maryland Casualty Co. v. Holt's Adm'x et al.

**Dec. 10, 1940.**

Wheeler & Shelbourne for appellant.

Boyd & Boyd for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Emmett L. Holt served as sheriff of McCracken county during the years 1926 to 1929, inclusive. On

February 16, 1932, McCracken county and the Common-wealth of Kentucky, suing for the use and benefit of McCracken county, brought this action against Holt and his surety, Maryland Casualty Company, to surcharge Holt's settlements and to recover the sum of $15,234.47. It was alleged that on account of errors and mistakes in the various settlements this sum was due and owing to the county. The alleged shortages were set out in separate paragraphs. Holt filed a separate answer in which he traversed the averments of the petition and pleaded affirmatively that during his term of office he made a settlement each year with the agent selected by McCracken county, which became final upon its accep-tance by him and the county and could not thereafter be attacked or surcharged. On May 17, 1932, the Mary-land Casualty Company filed its separate answer which, on its motion, was made a cross-petition against its co-defendant Emmett L. Holt and against Charles E. Nicholson and Hettie Irene Holt, wife of Emmett L. Holt. It was alleged that Emmett L. Holt conveyed to Charles E. Nicholson on September 23, 1931, a certain tract of land which he had acquired November 26, 1927, while he was the duly elected, qualified, and acting sher-iff of McCracken county and the collector of revenue thereof, and that, by virtue of Section 4130 of the Ken-tucky Statutes McCracken county had a lien upon said property to satisfy any amount due by Emmett L. Holt as collector of revenue for the county, and that the Maryland Casualty Company was entitled to be subro-gated to such lien and to have said property sold to sat-isfy any judgment that might be rendered against it as surety on Holt's revenue bonds. Holt died during the pendency of the action, and it was revived in the names of his personal representative and heirs. Summons on the cross-petition was not issued until January 18, 1934, and was served on Charles E. Nicholson January 19, 1934. In the meantime, the issues between the other parties to the litigation had been completed and deposi-tions had been taken. On February 17, 1934, the case was submitted upon the pleadings, exhibits, and proof, and a judgment was entered which reads in part:

"By agreement it is ordered and adjudged that the plaintiff, Commonwealth of Kentucky, for the use and benefit of McCracken County, Kentucky, re-cover of the defendants, Hettie Irene Holt, as Ad-

ministratrix of the estate of Emmett L. Holt, and the Maryland Casualty Company, the sum of Five Thousand Five Hundred ($5,500.00) Dollars, with interest at the rate of six per cent from this date until paid, and the cost in this action expended, for which an execution is awarded and may issue."

It was also adjudged that the Maryland Casualty Company, upon payment and satisfaction of the judgment, "is entitled to be and is subrogated to all the rights, liens, claims and judgment of the plaintiff against the estate of Emmett L. Holt, arising out of laws or statutes in such cases made and provided." On the same day the Maryland Casualty Company paid into court the sum of $5,500 in full satisfaction of the judgment.

On February 21, 1934, four days after the foregoing judgment was entered, Charles E. Nicholson filed a demurrer to the answer and cross-petition of the Maryland Casualty Company, and on March 12, 1934, he filed an answer to the cross-petition. On the same day the Peoples National Bank of Paducah, Kentucky, filed its intervening petition. The Maryland Casualty Company filed a reply to the answer of Charles E. Nicholson and on June 22, 1938, an agreed stipulation of facts was filed by the defendant and cross-petitioner, Maryland Casualty Company, the intervening petitioner, Peoples National Bank, and the defendant Charles E. Nicholson. The stipulation states, in substance, that Charles E. Nicholson did on the 23rd day of September, 1931, purchase from Emmett L. Holt, for a consideration of $2,500, the real estate described in his answer to the cross-petition of the Maryland Casualty Company, and that he applied to the Peoples National Bank for a loan on the property in order to enable him to purchase same and that he and the bank had the title to the property examined, and that the records of the settlements made by Emmett L. Holt, as sheriff of McCracken county, were all carefully checked. All records kept by McCracken county showing settlements or orders accepting, approving or rejecting said settlements were copied and attached to the stipulation as exhibits. These records are orders of the McCracken county fiscal court approving the report of the special commissioner appointed each year to make the settlement with the sheriff and granting the sheriff his quietus. There is one of

these orders for each of the four years. There is also an order of the McCracken county fiscal court entered November 27, 1929, refunding to Emmett L. Holt, sheriff, the sum of $4,796.94, the same being the alleged amount overpaid by him in his settlements for the years 1926, 1927, and 1928. It was agreed that the stipulation with the attached exhibits might be used in lieu of depositions on the part of the Peoples National Bank and the defendant Charles E. Nicholson. The case was submitted and on November 26, 1938, the court adjudged that "the settlements made by McCracken County, Kentucky, with Emmett L. Holt, as Sheriff of McCracken County, Kentucky, for the years of 1926-1927-1928-and 1929, and the records and orders made by said county on said settlements, and the repayment by McCracken County to the said Emmett L. Holt of certain monies as shown by said orders to have been overpaid by him, as such Sheriff, to McCracken County in his settlements, as such Sheriff, was and is a release of any lien then held by McCracken County on the real estate described in the answer and cross-petition of the defendant, Maryland Casualty Company, as it relates to the rights of any innocent purchaser of said real estate; and it is further adjudged that after said settlements and repayments, as shown by the record herein, McCracken County did not and does not now hold any lien against said real estate that could or can now be enforced against said property in the hands of an innocent purchaser; and it is further adjudged that the defendant, Charles E. Nicholson, was misled to his prejudice by said settlements, repayments, and records made thereof by McCracken County, and by reason thereof became an innocent purchaser of certain property, as set out in the pleadings; and it is further adjudged that the said Charles E. Nicholson took title to said property free from any lien held by McCracken County under and by reason of Section 4130 of the Kentucky Statutes," and the cross-petition of the Maryland Casualty Company was dismissed. It is from that judgment that this appeal is prosecuted. The Peoples National Bank has filed a motion to dismiss the appeal as to it, and the motion has been passed to the merits.

It appears that the bank loaned $1,500 to Charles E. Nicholson on September 23, 1931, when he purchased the real estate in question from Emmett L. Holt, and

that Nicholson executed to the bank a mortgage for that amount on the real estate. In its intervening petition the bank set up this mortgage and asked that it be adjudged a lien superior to any lien that might be adjudged the Maryland Casualty Company. In support of its motion to dismiss the appeal as to it, it is stated that the mortgage lien has been satisfied in full and that it has no further interest in the land. The motion to dismiss the appeal as to the Peoples National Bank is sustained.

The question is whether appellant, being subrogated to the rights of the county, is entitled to a lien upon the land acquired by Holt while he was sheriff and conveyed by him to the appellee Charles E. Nicholson before the period of limitations had elapsed. Section 4130 of the Kentucky Statutes, in so far as it is pertinent, reads:

"The Commonwealth, the county and taxing district shall have a lien from the date the sheriff begins to act upon the real estate of the sheriff therein secured or afterward acquired by him, which shall not be discharged until the whole amount of money collected by the sheriff or collector, or for which he may be liable to them respectively, shall have been paid."

Section 1884 of the Statutes requires the sheriff to settle his accounts as collector of revenues annually with the fiscal court, and Section 4146 of the Statutes provides that:

"Each sheriff or collector shall, when required by the fiscal court, settle his accounts of county or district taxes, and at the regular October term of each year the fiscal court shall appoint some competent person other than the Commonwealth's or county attorney, to settle the accounts of the sheriff or collector of money due the county or district. The report of such settlement shall be filed in the county clerk's office and be subject to exceptions by the sheriff or collector or county attorney who shall represent the Commonwealth and county, and the county court shall try and determine such exceptions. An appeal may be prosecuted by either party from the judgment of the county court on such settlement, in the same manner as provided by law

for appeals from judgments of the quarterly court, except that the county attorney shall not be required to give an appeal bond, or actions may be instituted in any court of competent jurisdiction to correct the settlement; and the settlement, when approved, **shall be recorded in the county** clerk's office.''

In the present case none of the reports of settlements was filed in the county clerk's office or approved by the county court. The sheriff merely settled with a commissioner appointed by the fiscal court, and the fiscal court accepted the settlements. As was said in Commonwealth v. Mackey, 168 Ky. 58, 181 S. W. 621, and Shipp v. Bradley, 210 Ky. 51, 275 S. W. 1, 4: ''They were no settlements at all.'' See, also, Bush v. Board of Education of Clark County, 238 Ky. 297, 37 S. W. (2d) 849, and Perry County v. Holliday, 231 Ky. 587, 21 S. W. (2d) 989. Even though the settlement is made in strict compliance with the Statutes and is filed in the county court and approved by the court, it can be attacked on the ground of fraud or mistake in a suit to surcharge the settlement. Steele v. Commonwealth, 233 Ky. 719, 26 S. W. (2d) 747; American Surety Company v. Bales, 228 Ky. 543, 15 S. W. (2d) 481.

It is appellee Nicholson's contention that McCracken county is estopped from claiming any lien on the land purchased by him because the fiscal court accepted Holt's settlement and granted him a quietus for each of the years of his term of office, and, in addition, had voluntarily refunded the amount he claimed was an overpayment of revenues due the county for the years 1926, 1927, and 1928, and that, consequently, there is no right to which the appellant can be subrogated. A complete answer to this contention is the following from Mason v. Cook, 187 Ky. 260, 218 S. W. 740, 746:

''This statute [Section 4130] is indeed a drastic one, but it is notice to every one who may purchase lands from a sheriff which he owned at the time of his induction into office, or acquires while holding the office, that he in a way becomes the surety of the sheriff to the extent of the value of the lands acquired from him for all the moneys which the sheriff may quit the office of sheriff owing to the state, county, or any taxing district which he may

have collected for them, or for which he may be liable to either of them. The statute does not provide that the granting of a quietus shall be cause for setting aside its terms, but specially provides that the lien shall continue until the money shall have been paid. The granting of the quietus is not for the purpose of notice to the public, but is only one of the means which is provided for the counties and taxing districts to protect themselves against the continuation in office of an officer engaged in fraudulent peculations, but it does not satisfy the demands upon him.''

Section 4130 of the Statutes provides that a lien upon the lands owned by a sheriff when he is inducted into office or acquired by him while holding office shall exist as long as there is money due by him to the county by reason of revenue which he has collected for the county. One who purchases real estate owned by a sheriff during the latter's term of office does so at his peril and with notice that the county's lien for any shortage in the sheriff's accounts that may appear will be superior to the rights of such purchaser, regardless of any settlement made by the sheriff or any quietus granted by the fiscal court. In American Surety Company v. Bales, supra [228 Ky. 543, 15 S. W. (2d) 485], it was said:

"Section 4130, Kentucky Statutes, does not fix the time when the liability created therein shall cease or determine other than by stating that *the lien shall exist until the debt is paid.* That necessarily means that the lien must exist until the sheriff has discharged the duty imposed upon him by statute and has paid over the money which he has collected. It was said by this court in the case of Mason v. Cook, supra, that every person who bought real estate owned by the sheriff during his incumbency, in a way, became surety for the sheriff.

"At the time the resolution was entered by the fiscal court accepting and approving the settlement made by the appellant, the county had a lien against the property which the sheriff had owned during his term of office, and this lien was one of the rights transferred and assigned to the surety by the county, and the surety stepped into the shoes of the

county with all of the rights which the county had. The lien existed for the benefit of the county until its debt was paid, and continued in favor of the one who paid the debt for the sheriff who was subrogated to the rights of the county." Owens v. Maryland Casualty Co., 283 Ky. 462, 141 S. W. (2d) 867.

Appellee Nicholson also argues that he was not a party to the agreed judgment entered on February 17, 1934, and since the judgment failed to adjudge that Emmett L. Holt was actually short in his account in any sum, then this judgment on which appellant's claim is based is insufficient to support a cause of action against appellee as a purchaser and holder of real estate formerly owned by Holt. The action was solely one to surcharge and correct the sheriff's settlements and to recover an alleged shortage. While the judgment did not specifically so state, it was necessarily a finding that he was short in his accounts in the sum of $5,500. The appellee Nicholson was not bound by the judgment, as he was not a party to it, and it was open for him to show, if he could, that the sheriff was not indebted to the county at the time the judgment was entered and that therefore no lien existed in favor of the county. American Surety Company v. Bales, supra. He did not elect to do this, however, but defended solely on the ground that the orders of the McCracken fiscal court, approving the various settlements, granting a quietus to the sheriff for each year of his term of office and refunding an alleged overpayment, constituted a discharge of the lien provided in Section 4130 of the Statutes. The stipulation of facts upon which the case was submitted recognized that this was the only issue between the Maryland Casualty Company and Nicholson.

The circuit court erred in dismissing appellant's cross-petition, and the judgment is reversed, with directions to enter a judgment adjudging the Maryland Casualty Company a lien on the land purchased from Emmett L. Holt by Charles E. Nicholson.